———o———

WILLIAM H. PORTER, Respondent, *vs.* THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

1. *Damages—Personal injuries by railroad to servant, caused by defective track— Duty of company to keep track safe.*—In suit against a railroad company by an employee, for personal injuries caused by defective track, an instruction declaring defendants exempt from liability, notwithstanding its unsafe condition, if plaintiff knew, or could by the exercise of ordinary diligence have known, of the state of the track, is properly refused. It is not the business of the servant to ascertain whether the machinery and structure of the road are defective ; but the duty of the company is to keep them in a safe condition ; and it is responsible for injuries resulting from such defects.

*Appeal from Buchanan Circuit Court.*

STATEMENT OF CASE.

The facts charged in the petition were that plaintiff was a young man of nineteen, employed as a brakesman by defendant, and that in consequence of the unevenness of a switch side track, he was thrown from a car and run over, and his leg was crushed.

*Oliver, and Carr, with Leach*, for Appellant.

I. If a servant is injured by the negligence or fault of his fellow servant, though the one injured is subject to the orders of the one in fault, no action can be maintained against the master. (McDermott vs. Pac. R. R. Co., 30 Mo., 116, 117 ; Farwell vs. Boston & W. B., 4 Metc., 49 ; Redf. Railw., § 131, *et seq.*, 4th ed., p. 517, and notes 1 & 2 ; Gibson v. Pac. R. R. Co., 46 Mo., 167.) So, if in this case the yard master carelessly or negligently ordered respondent to brake on the track where he was injured, appellant is not liable. (1 Whart. Negl. §§ 229, 230.)

II. Where an employee is injured in consequence of defective machinery, or other appliances of the road, he cannot recover against his employer upon the ground of negligence in respect to such defects, and if he knew of the existence of the same, or could have known thereof by the exercise of ordinary care or prudence, it was a question proper to be submitted to the jury. (Whart. Negl., §§ 214, 217.)

*Allen H. Vories*, for Respondent.

I. The defendant was bound to provide good, safe and properly constructed tracks and machinery, adapted to the carrying on of its business, and to use all reasonable care and ordinary precaution for the safety of plaintiff—and the degree of care required is greater when life and limb are endangered. (See Cayzer vs. Taylor, 10 Gray, 274 ; Loomis vs. Terry, 17 Wend., 496 ; Castle vs. Duryea, 32 Barb., 480 ; Morgan vs. Cox, 22 Mo., 373 ; Ryan vs. Fowler, 24 N. Y., 420 ; McDermott vs. Pac. R. R. Co., 30 Mo., 115 ; Gorman vs. Pac. R. R. Co., 26 Mo., 441 ; Gibson vs. Pac. R. R. Co., 46 Mo., 163 ; Kennedy vs. N. M. R. R. Co., 36 Mo., 361 ; Col. & Ind. Cent. R. R. Co. vs. Arnold's Adm'rs, 31 Ind., 174–180.)

II. It was not the duty of plaintiff, nor in his power to know, the defects in the track, "by the exercise of ordinary care on his part." (See Snow vs. Housatonic R. R. Co., 8 Allen, 441 ; Seaver vs. Boston & Maine R. R. Co., 14 Gray, 466 ; Gibson

vs. Pac. R. R. Co., 46 Mo., 163 ; Devitt vs. Pac. R. R. Co., 50 Mo., 302 ; Brothers vs. Cartter & Co., 52 Mo., 372 ; Gibson vs. Pac. R. R. Co., 46 Mo., 69. )

NAPTON, Judge, delivered the opinion of the court.

The judgment in this case must be reversed, because the petition alleges the minority of plaintiff, and the appointment of a next friend by the Circuit Court of Buchanan county, which allegations are denied in the answer, and no proof was offered on the subject. The point was raised in the Circuit Court by a demurrer to the evidence.

The question in regard to cumulative evidence becomes unimportant in this view of the case, as upon a new trial the defendant can of course introduce his newly discovered evidence.

We have examined the instructions in this case, and see no objection to them. The third instruction asked by the defendant, was modified properly. As it stood, it exempted the defendant from liability, notwithstanding the unsafe condition of the track, if the plaintiff knew the condition of such track, or could by the exercise of ordinary diligence have known it. The court struck out the last paragraph, and, we think, properly.

It is not the business of the servant, nor has he the means of ascertaining whether the machinery or structure, upon which he is employed to operate, is defective. It is the duty of the employer to furnish these appliances ; and if he fails to do so, he is responsible for injuries resulting from defective machinery. (Gibson vs. Pac. R. R., 52 Mo., 372.)

There seems to be no question in the case in regard to fellow employees. The petition and the evidence under it were based solely upon the employment of plaintiff on a defective, dangerous and improperly constructed track.

Judgment reversed, and cause remanded.