PORTER v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Master and Servant:** THEIR RESPECTIVE DUTIES TOUCHING MACHINERY FURNISHED BY MASTER TO SERVANT: DEFECTS, LATENT: DEFECTS, PATENT. A brakeman, while engaged in coupling cars at night, stepped into a hole under a tie, by which his foot was caught and he was thrown under the moving car which passed over his legs, causing serious and permanent injuries. The defect in the road was not patent, but required inspection to discover it, and he had never worked on this portion of the track before. His attention had been

called to the generally unsafe and dangerous condition of the track, but not to the specific defect causing his injuries. He was ignorant of its existence, and the attention of the servants of the railroad company, whose duty it was to attend to the track, had more than once been called to its dangerous condition, but they had taken no steps to repair it. In an action brought by him to recover damages for the injuries sustained; *Held*, that the following rules are well settled:

1. A master is not an insurer of the safety of his servant, and is under no absolute obligation to provide for him safe machinery and implements, or to keep these in good order and condition; but it is his duty to use reasonable care and precaution for these purposes.

2. If there are defects in the machinery or implements, known to the servant, and he will, notwithstanding, enter into the master's service, he takes upon himself the risk incident to such defects.

3. It is not incumbent upon the servant to search for latent defects in machinery or implements furnished him by his employer, but he has, without any investigation, the right to assume that they are safe and sufficient for the purpose.

4. In case of a patent defect, or such as the servant, if ordinarily observant, would have discovered by his ordinary use of the machinery or implement, his opportunity to know would be held as knowledge, whether in fact he knew of the defect or not.

5. If the servant of a railroad company appointed to keep the track in repair, knows, or by the proper discharge of his duty might know of its condition, then his knowledge, or that which he might have acquired, is imputable to the company.

2. ———— : ————. Although a servant may have had equal means with his master of ascertaining defects in machinery or implements provided by his master, this will not necessarily preclude him from recovering damages from his master for injuries received by him consequent upon such defects, if, in fact, he was ignorant of their existence, and they were not patent, or such as would have been disclosed to him, if ordinarily observant, by his actual and ordinary use of such machinery or implements. He has a right to assume that the machinery and implements furnished him by his master are safe and suitable for the business, and he is not, while the master is, required to examine them for that purpose.

3. **Damages, Mental Pain and Anguish as Elements of.** In actions under statutes giving a right of action to the relatives of a deceased person for his death, the damages recoverable are only such as are pecuniary and actual, or fixed in amount by the statute; but in actions brought by the parties injured themselves, mental pain and anguish are also proper elements of the damages, although no malice or wantonness be charged.

4. **Damages, not Excessive.** There were three verdicts in this cause—the first for $10,000, the second for $12,000, and the third for $10,000; *Held*, that this court could, with no propriety, say that the latter verdict was excessive.

*Appeal from Clinton Circuit Court.*—Hon. Geo. W. Dunn, Judge.

Affirmed.

*Geo. W. Easley* for appellant.

1. The defect through which the plaintiff claims to have received his injury being an open and obvious one, which any person, by the use of his ordinary faculties, could have observed and avoided, the plaintiff assumed the risk of injury from such defect. *Laning v. N. Y. C. R. R. Co.*, 49 N. Y. 521, 532; *De Graff v. R. R. Co.*, 3 T. & C. (N. Y.) Sup. Ct. 257, 255; *Cagney v. H. & St. Jo. R. R. Co.*, 69 Mo. 416; *Smith v. R. R. Co.*, 69 Mo. 38, 32; *McGlynn v. Brodie*, 31 Cal. 376; *Stone v. Oregon Manfg. Co.*, 4 Oregon 52, 56; *Hayden v. Smithville Manfg. Co.*, 29 Conn. 548, 560; *Hulett v. St. Louis, K. C. & N. Ry.*, 67 Mo. 239; *Devitt v. R. R. Co.*, 50 Mo. 305, 302; *Dale v. R. R. Co.*, 63 Mo. 455; *Assop v. Yates*, 2 Hurl. & Nor. 768; *Dyner v. Leach*, 26 Law Jour. 221; *s. c.*, 40 Eng. Law & Eq. 491; *Senior v. Ward*, 102 Eng. C. L. 385; *Griffiths v. Gidlow*, 3 Hurl. & Nor. 648; *Watling v. Oastler*, Law Rep. 6 Exch. 73; *Patterson v. Wallace*, 28 Eng. Law & Eq. 48; *Skip v. R. R. Co.*, 24 Eng. Law & Eq. 396; *Seymour v. Maddox*, 16 Q. B. 316; *Ladd v. R. R. Co.*, 119 Mass. 412.

2. No evidence was offered to show that defendant knew or ought to have known of the existence of the gully or hole by which plaintiff was thrown down and injured. If we are to be held to knowledge of the particular defect by proof the knowledge of the general character of the side track, shall not proof of knowledge on the part of the plaintiff of the same general character be held as knowledge to him of the particular defect also? Negli-

gence cannot be presumed against us from the fact of
the injury, but the burden of proving it is on the plaintiff.
*Shultz v. R. R. Co.*, 36 Mo. 13, 32.   And there is not a par-
ticle of evidence to show that this hole had existed a suffi-
cient length of time to have made it the duty of defendant
or any of its agents to have discovered the same.   It may
only have been there a few hours before the accident.   The
law presumes that the company has performed its duty and
this presumption must be overcome by the evidence before
there can be any recovery.  Wood, Master and Servant,
§ 368.

3.   The action being founded on a breach of the im-
plied duty of the master to use care to provide a safe track,
the damages for a breach thereof, no wantonness or malice
being charged, should have been confined to the pecuniary
loss.   Mental pain and anguish were not proper elements
of the damages.   *Johnson v. Wells*, 6 Nev. 224; *Fay v. Par-
ker*, 53 N. H. 359; *Blake v. Midland Ry.*, 10 Eng. Law &
Eq. 437; 2 Greenleaf Ev., 267; *Flemington v. Smithers*, 2
Car. & Payne 292.

4.   The damages are excessive, being twice the amount
the defendant would have been liable for had death ensued,
and the amount recovered being placed at interest would
realize twice as much as the record shows the plaintiff could
earn.   *Bridge Co. v. Loomis*, 20 Ill. 235; *Railroad Co. v.
Welch*, 52 Ill. 183; *Collins v. R. R. Co.*, 12 Barb. 500; *Mur-
ray v. R. R. Co.*, 47 Barb. 205.

*Allen H. Vories* for respondent.

1.   It was not the duty of plaintiff, nor in his power,
nor did he have the opportunity, nor skill, to know the de-
fects of the track on which he was injured.   And without
investigation, he had the right to rely upon the presump-
tion that his employer had furnished him an ordinarily safe
track on which to work.   *Snow v. H. R. R. Co.*, 8 Allen
441; *Seaver v. Boston & M. R. R. Co.*, 14 Gray 466; *Gibson*

*v. Pacific R. R. Co.*, 46 Mo. 163 ; *Brothers v. Cartter*, 52 Mo. 372 ; *Devitt v. Pacific R. R. Co.*, 50 Mo. 302 ; *Porter v. H. & St. Jo. R. R. Co.*, 60 Mo. 160 ; *Dale v. The St. L., K. C. & N. Ry. Co.*, 63 Mo. 455, 459.

2.  It was defendant's duty to provide plaintiff, as its servant, good, safe and properly constructed tracks adapted to the carrying on of its business, to use all reasonable care and precaution for plaintiff's safety, and the degree of care must be proportionate to the dangerous nature of the machinery used. *Gibson v. P. R. R. Co.*, 46 Mo. 163 ; *Kennedy v. N. M. R. R. Co.*, 36 Mo. 351 ; *Porter v. H. & St. J. R. R. Co.*, 60 Mo. 160 ; *Lewis v. St. L. & I. M. R. R. Co.*, 59 Mo. 495 ; *Keegan v. Kavanaugh*, 62 Mo. 232 ; *Whalen v. Centenary Church*, 62 Mo. 326 ; *Dale v. The St. L., K. C. & N. Ry. Co.*, 63 Mo. 455 ; *Cayzer v. Taylor*, 10 Gray 274 ; *Castle v. Duryea*, 32 Barb. 480 ; *Morgan v. Cox*, 22 Mo. 373 ; *Ryan v. Fowler*, 24 N. Y. 410 ; *McDermott v. P. R. R. Co.*, 30 Mo. 115 ; *Gorman v. P. R. R. Co.*, 26 Mo. 441.

3.  If the agents of the defendant whose duty it was to keep the track in repair, knew of its defects and improper construction, the knowledge of such agents was the knowledge of defendant. *Harper v. St. L. R. R. Co.*, 47 Mo. 567 ; *Brothers v. Cartter*, 52 Mo. 372 ; *Lewis v. St. L. & I. M. R. R. Co.*, 59 Mo. 507.

4. The ninth and tenth instructions, asked by defendant, were properly refused. Plaintiff had neither the time, skill nor opportunity, nor was it his business to examine for defects in defendant's track. The defendant had men employed whose business it was to examine said track and see to its repairs. Even a knowledge on the part of the plaintiff of the defect complained of is not of itself an answer to the action. *Laning v. N. Y. Cent. R. R. Co.*, 49 N. Y. 536 ; *Huddleston v. Lowell Machine Shops*, 106 Mass. 286 ; *Dale v. The St. L., K. C. & N. Ry. Co.*, 63 Mo. 455 ; *Conroy v. Vulcan Iron Works*, 62 Mo. 35 ; *Gibson v. Pacific R. R. Co.*, 46 Mo. 163 ; *Porter v. H. & St. J. R. R. Co.*, 60 Mo. 160.

5. Where two juries have passed upon the question of damages, to set the second verdict aside upon the ground of excessive damages, would be "usurpation of the province of the jury." *Goetz v. Ambs*, 27 Mo. 28; *Kennedy v. North Mo. Ry. Co.*, 36 Mo. 351.; *Whalen v. St. L., K. C. & N. Ry.*, 60 Mo. 329; *Dale v. St. L., K. C. & N. Ry.*, 63 Mo. 455; *Graham v. Pacific R. R. Co.*, 66 Mo. 536.

HENRY, J.—This suit was instituted in the Buchanan circuit court by plaintiff, an employee of the defendant, to recover damages for an injury sustained by him while engaged as a brakeman, in consequence of a defective track which it is alleged in the petition, was on the 5th day of March, 1873, and for a long time prior thereto had been entirely unsafe and extremely dangerous to defendant's employees, of which defendant had notice and plaintiff was ignorant.

The evidence for plaintiff tended to prove, and we think proved, the condition of the track to have been as alleged by plaintiff. The ties upon which the rails rested were not covered, nor were the spaces between them filled. Gullies and ditches had been washed in the road, and there was an irregularity in the distances between the ties. In some places holes had been washed under the ties, and in coupling cars on the night of the 5th day of March, 1873, plaintiff's foot was caught in a hole under a tie, by which he was thrown down and a car passed over his legs producing injuries which necessitated the amputation of one of his legs below the knee and two toes of the other foot. This defect in the road was not patent, but it required inspection to discover it. The plaintiff boarded at the Huxley House, on a street parallel with the road, and in passing from that house along the sidewalk to defendant's yard, in which plaintiff was at work, obstructions and other defects in the road were observable, but the particular defect which occasioned the injury to plaintiff was not. He was ignorant of its existence, and the

evidence showed that more than once before the accident occurred, the attention of the servant of the company whose duty it was to attend to the tracks and keep them in order, was called to the dangerous condition of the track, but no steps were taken to repair it. His attention was not called to the specific defect in the road here complained of, but to its general unsafe and dangerous condition. It was the duty of the company to its employees, to exercise reasonable precautions to keep its track in a reasonably safe condition, and we think the evidence abundantly shows, that, by the exercise of even the lowest degree of care, they would have ascertained this defect, and removed it. There was conflicting evidence as to the general condition of the track, but as to the existence of the specific defect which occasioned the injury to plaintiff there was not; neither was there any evidence to show that from the sidewalk it was observable.

For plaintiff the court gave the following instructions:

1. It is admitted by the pleadings in this case, that at the time mentioned in plaintiff's petition the defendant was a railroad corporation, operating its railroad from Hannibal to St. Joseph, Missouri; and that for the purpose of carrying on its business, said defendant had erected depots and laid out tracks, switches, side tracks and other tracks in the said city of St. Joseph.

2. It was the duty of defendant in prosecuting its business and in the construction of its tracks, to use and exercise care, skill and caution to protect the lives and persons of its employees; and the degree of care must be proportionate to the dangerous nature of the means, instruments and machinery used.

3. If the jury believe from the evidence that plaintiff, by contract with defendant, entered into her employ as a brakeman in her yards in the city of St. Joseph, to do and perform such work as was required of him as such employee, then the law presumes that in accepting such work he only assumed the ordinary risk or danger of such

employment, and did not assume or contract with reference to any risk or danger arising or resulting from an improper or defective track used by defendant in the prosecution of its business, unless he, plaintiff, knew of the defects and dangers, and the increased dangers arising from such defects.

4. If the jury believe from the evidence that the agents of the defendant, whose duty it was to construct and keep in repair the defendant's tracks, knew of the improper construction of said track, and of its dangerous condition or its want of repair, if such improper or dangerous condition existed, then such knowledge is the knowledge of defendant.

5. If the jury believe from the evidence that the injuries of plaintiff resulted from the failure of defendant to provide a suitable and reasonably safe track upon which its employees might transact the ordinary business of their calling, then such injuries so received by plaintiff were not the result of the risk and danger assumed by plaintiff when he entered into defendant's service, or naturally incident thereto.

6. If the jury believe from the evidence that whilst plaintiff was in the employ of defendant as a brakeman, and in the line of his duty as such, and in and about the business of defendant under the control and direction of her agents, he received the injuries complained of, about the 5th day of March, 1873, and that said injuries resulted from the use by defendant of its railroad track, which was improperly constructed, and not reasonably safe and suitable for the carrying on of its business, and which might have been prevented by ordinary care and precaution on the part of defendant, and that defendant knew of such defects through her agents, or might have known thereof by the exercise of reasonable care and diligence, then they, the jury, will find for plaintiff, if they believe from the evidence that he was, at the time of said injuries, exercising ordinary care and prudence, and did not know of the

defective and improper construction of said track, and the increased exposure to danger on account of such defects.

7.   If the jury find for the plaintiff they will assess his damages at such sum as they believe from the evidence he has sustained, taking into consideration the pain and anguish, mental and physical, the loss of his leg and other injuries sustained, not to exceed twenty thousand dollars.

For defendant the following were given :   1.   Unless the jury believe from the evidence that the track in proof was not reasonably safe for the purposes for which it was used, and that plaintiff received the injuries sued for by reason of such unsafe condition of said track, they will find for defendant.

2.   A railroad company is under no obligation to provide for its employees the best or safest track that can be constructed, but all that is required is that the company shall use ordinary care in the construction of its tracks, and that said tracks shall be ordinarily or reasonably safe for the purposes for which they are used.   And if the jury believe from the evidence that defendant did use ordinary care in the construction and maintenance of the track in proof, or that said track at the time of the injuries sued for was reasonably safe for the purposes for which it was used, they will find for the defendant, although they may believe from the evidence that said track could have been made safer than it was.

3.   If the jury believe from the evidence that the injuries sued for happened from the rapid motion of the cars in proof, or from the plaintiff's attempting to couple said cars while they were in so rapid motion as to make it imprudent to do so, they will find for defendant.

4.   If the jury believe from the evidence that the injuries sued for happened by reason of the cars in proof striking plaintiff and knocking him down, they will find for defendant.

5.   If the jury believe from the evidence that the injuries sued for were directly caused, in whole or in part,

by plaintiff's own carelessness, unskillfulness, or negligence, they will find for defendant.

6. If the jury believe from the evidence that plaintiff by his own carelessness or unskillfulness contributed to the injuries sued for, or that by the exercise of ordinary skill, care or prudence on his part, the accident would not have happened, or could have been avoided, they will find for defendant.

7. Although the jury may believe from the evidence that the hazard of plaintiff's employment was increased by the dangerous condition of defendant's yard and track, and the plaintiff at the time of his employment was informed of the fact, yet plaintiff, by accepting such employment, assumed the increased risk, and cannot recover in this action for injuries received on account of such dangerous condition of the yard or track.

8. Although the jury may believe from the evidence that the yard and track in proof were not ordinarily safe, yet if they also believe from the evidence that the plaintiff, before he was injured, knew of the said condition of said yard and track, and of the danger to which said condition of said yard and track exposed him, and afterward continued in the employment of defendant, and was injured in consequence of the condition of said yard and track, they will find for defendant.

The following asked by defendant were refused: 9. If the jury believe from the evidence that plaintiff, before he was injured, knew, or by ordinary care and prudence on his part, could have known that the ties on the track where plaintiff was injured, were not filled in between, and that there were obstructions along the side of the said track, and that plaintiff was injured by reason of said ties not being filled in between, as aforesaid, and by reason of said obstructions, the jury will find for defendant.

10. If the jury believe from the evidence that the defects in the track in proof, and the obstructions along side the same, were open to ordinary observation, and that

the plaintiff by the exercise of ordinary care and attention might have known of such defects and obstructions before he was injured, they will find for defendant.

11. If the jury believe from the evidence that plaintiff was informed by the person who employed him to work on defendant's yard, that the same was very dangerous, and they also believe that plaintiff was injured on one of the tracks in said yard, they will find for defendant.

12. The court instructs the jury that the plaintiff, when he contracted with the defendant to work as brakeman in defendant's yard, contracted to have ordinary skill and information concerning the duties of a brakeman, and if the jury believe from the evidence that a brakeman of ordinary skill and information would have known the danger to be apprehended from running ahead of moving cars upon the center of the railroad track in the condition of the track in proof, as sworn to by plaintiff, on a night of the character of the night in proof, then they will find for defendant if they further believe from the evidence that plaintiff was injured as complained of by running ahead of moving cars as aforesaid.

13. Under the pleadings and evidence in this case, the plaintiff cannot recover, and the jury must find for the defendant.

15. If the jury find for the plaintiff, they will, in assessing damages, take into consideration the want of caution, if any, of plaintiff, and the knowledge he had of the dangerous condition of the track in proof, if they believe from the evidence that he had any such knowledge, and all other facts and circumstances in the case, as shown by the evidence.

It is the duty of the employer to provide for his servants, good, safe and properly constructed machinery and implements for carrying on his business, and to use reasonable care and precaution for the safety of the employees. By this, however, it is not meant that he is an insurer of their

1. MASTER AND SERVANT: their respective duties touching machinery furnished by master to servant: defects, latent: defects, patent.

safety and under an absolute obligation to provide safe machinery and implements, but only that he is to use reasonable care and precaution in procuring them and keeping them in good order and condition.

There is no well considered case, which holds the employer to a stricter liability. This rule is subject, also, to qualifications which make the master's liability even less. If the defect in the machinery or implement be known to the employee, and he will still enter into the employer's service, he takes upon himself the risk incident to such defect, and cannot recover damage for an injury he may receive, attributable to such defect. In support of these propositions we refer to *McDermott v. Pac. R. R. Co.*, 30 Mo. 115; *Gibson v. Pac. R. R. Co.*, 46 Mo. 163, 169; *Lewis v. St L. & I. M. R. R. Co.*, 59 Mo. 504; *Keegan v. Kavanaugh*, 62 Mo. 232; *Dale v. R. R.*, 63 Mo. 455; *Devitt v. R. R.*, 50 Mo. 305; *Cummings v. Collins*, 61 Mo. 520; *Smith v. R. R.*, 69 Mo. 32; *Hayden v. Smithfield Manf. Co.*, 29 Conn. 548; 10 Ind. 554; 28 Vt. 59; 29 N. Y. 383; 5 Barb. 541; 39 N. Y. 468; 25 N. Y. 478; 49 Barb. 328; 62 Barb. 218. There are observations in the opinions of the court in *Gibson v. Pac. R. R. Co.*, and *Lewis v. The St. L. & I. M. R. R. Co.*, which are frequently cited as maintaining a different doctrine; but those general remarks are subsequently, in the same opinions, so qualified as to harmonize those cases with the general current of authority.

We think it equally well settled, that it is not incumbent upon the employee to search for latent defects in machinery or implements furnished him by the employer, but, that without such investigation he has the right to assume that they are safe and sufficient for the purpose. *Lewis v. St. Louis & I. M. R. R. Co.* 59 Mo. 506; *Porter v. H. & St. Jo. R. R. Co.* 60 Mo. 160; *Gibson v. Pac. R. R. Co.* 46 Mo. 163; *Ford v. R. R. Co.* 110 Mass. 240; *Snow v. R. R. Co.* 8 Allen 441.

If, however, the defect is patent, open to observation, or such as the ordinary use of the machine in the business

the servant is engaged in would disclose to an ordinarily observant man operating it, and the servant had ample opportunity, by operating it, before being injured, to observe the defect, his opportunity to know would be held as knowledge, whether in fact he knew of the defect or not. *Keegan v. Kavanaugh*, 62 Mo. 232; *Hulett v. St. L., K. C. & N. Ry. Co.* 67 Mo. 239.

If the agent or servant of the defendant appointed to keep the track in repair knew, or by the proper discharge of his duty might have known its condition, then the knowledge the agent had, or might thus have acquired, is imputable to the master. *Harper v. Ind. & St. L. R. R. Co.* 47 Mo. 567; *Lewis v. St. L. & I. M. R. R. Co.* 59 Mo. 506. In the latter case the court observed, Wagner, J.: "It was the duty of the section foreman to keep the track in repair and see that every thing was safe. He was notified of the existence of the hole, and complaint was made to him about it, but he negligently omitted to act and failed to remedy the defect. Notice to him was notice to the company, and his negligence was the company's negligence."

In *Hayden v. Smithfield Man'f. Co.* 29 Conn. 548, Ellsworth, J., delivering the opinion of the court, said: "From the best consideration I can give the English cases, I am satisfied that the law in England is as expressed by Barnwell, Baron: 'I believe an employee cannot recover for an injury suffered in the course of his business from defective machinery, unless the employer knew, or ought to have known the fact, and the employee did not know it, or had not equal means of knowing it.'" The latter clause of this extract, exempting the employer if the servant had equal means of knowledge is in conflict with the case of *Porter v. H. & St. Jo. R. R. Co.* 60 Mo. 160. The doctrine that the servant cannot recover if he had equal means with the master of ascertaining the defect, is not applicable to a case of latent defects in machinery, but only to cases where the defect is obvious to the senses, or would have been disclosed to an ordinarily observant man

in the ordinary use of the machinery in the business the servant was engaged in within the time the injured servant operated such machinery before the accident, or in the case of the negligence of a fellow servant and probably others, but certainly not to the one now under consideration, if we adhere to the doctrine announced in this case, when here on a former occasion. If the servant, as was then held, is not, and the master is, required to exercise diligence to discover defects in machinery with which the servant is employed to work, the latter may recover, although he may have had equal means of ascertaining its defects, if in fact he was ignorant of their existence and they were not patent, or such as would have been disclosed by operating it as above stated.

If the master did not know of the defect, and reasonable care on his part would not have disclosed 'it, he would not be liable. If, however, by the exercise of reasonable care the employer could have discovered, although a like exercise of care on the part of the servant would also have disclosed to him a latent defect, yet if in fact he did not know it, the master would be liable, although the servant's opportunities to ascertain it were equal to those of the master. The servant has a right to assume that the machinery or implements furnished him by the employer are safe and suitable for the business, and he is not, while the master is, required to examine them for that purpose. The master is chargeable with knowledge which he might have acquired by the exercise of due care, the same as if he actually possessed it, whereas, the servant has the right to assume that all necessary examinations have been made by the master, and is not required, either in person, or by another employed by him for the purpose, to examine the machinery as to its fitness and sufficiency. See also *Ryan v. Fowler*, 24 N. Y. 410; *Murphy v. Pollock*, 15 Irish C. L. R. 224. In support of the doctrine announced by the court in 29 Conn., *supra*, the following English cases were cited viz: *Williams v. Clough*, 3 H. & N. 258; *Griffiths v.*

*Gidlow*, 3 Hurl. & Nor. 648; *Dyner v. Leach*, 40 Eng. L. & E. 491. We do not think that the last two support the doctrine, and while the report of the other is very meager as to the facts, enough appears to show that the ladder which occasioned plaintiff's injury had been used by him sometime in the master's business, and he had ample opportunity to discover its defects. But, however the rule may be in England and Connecticut and elsewhere, we think we have stated that of this court on the subject under consideration. Tested by the foregoing principles the instructions for plaintiff in this case were unexceptionable

The third, it is said, ignores the question of plaintiff's knowledge of the defect in the road which occasioned his injury. There was no evidence that he was aware of it. He testified that he was not, and no one testified to having ever seen him in a position to observe it before the accident. It was a hidden defect, not observable from the sidewalk, which was as near as plaintiff was shown to have been to that place in the road before he was hurt. The sixth is a full and fair statement of the facts, which if found, entitled plaintiff to a verdict. The ninth of defendant's refused instructions related to the defects in the road, which were not the proximate cause of the injury. The tenth was properly refused because there was no evidence to support it, as to the specific defect which occasioned the injury, and with regard to the other obstructions and defects, they were not the proximate cause of the injury. The eleventh asserted that if plaintiff was informed by the person who employed him to work on defendant's yard, that it was very dangerous, and plaintiff was injured on one of the tracks in the yard, he could not recover. The warning did not call plaintiff's attention to any specific danger, and amounted to no more than a general warning of what every one at all acquainted with the business knows. The substance of the twelfth was embraced in the 3rd, 4th, 5th, 6th and 7th given for defendant.

The seventh for plaintiff authorized the jury to assess such damages as they should believe from the evidence plaintiff had sustained, taking into consideration the pain and anguish, mental and physical, the loss of his leg and other injuries sustained, not to exceed $20,000. He was nineteen years old when the accident occurred. He first sued by his next friend, but on attaining his majority, filed an amended petition in his own name, and the counsel for defendant contends, that under this instruction the jury was authorized to compensate him for the loss of two years time, for which his father, if any one, had the right to recover. There was no evidence as to the value of his services for those two years. It is stated in the brief that there was proof that he received $45 per month, but we find no such, nor any evidence on that question in the abstract, nor any evidence whatever upon which the jury could have allowed any compensation for the loss of that time. Defendant contends that the instruction is so vague as to have authorized the jury to assess the damages as their caprice, prejudice or passion might have prompted. It would be difficult, if not impossible, to frame an instruction in such a case which would determine exactly the amount of damages the plaintiff should recover. For instance, what language would inform the jury exactly how to estimate, in money, the plaintiff's pain and anguish? And this they had a right to consider in making their verdict.

It is contended by the counsel for defendant that "mental pain and anguish are not proper elements of the 3. DAMAGES, MEN- damages," no wantonness or malice being TAL PAIN AND AN- charged, citing Greenleaf Ev., 267; *Fleming-* GUISH ELEMENTS OF. *ton v. Smith,* 2 Car. & Payne 292; *Blake v. Midland Ry. Co.,* 10 E. L. & Eq. 437. Professor Greenleaf so states the law and refers to the above cases, and that of *Cumming v. Inhabitants of Williamsburg,* 1 Cush. 451. These cases do not sustain the learned author. *Flemington v. Smith* was an action by a father for an injury to his son, and the court held that the damages should be such a sum

6—71

as would compensate plaintiff for his loss in being deprived of the assistance of his son, and the expenses he was put to by his being out of his place, also some small compensation for his mother going to visit him, as she did, but not for injury to parental feelings. This does not sustain the doctrine, that in a suit by the party directly injured (the son), he shall not recover for his mental suffering. *Blake v. Midland Ry. Co.*, 10 Eng. L. & Eq. 437, was an action by a widow under chapter 93 of 9 and 10 Vic. for the death of her husband, which was caused by the negligence of defendant. Coleridge, J., held that no damages should be allowed for the mental suffering of the plaintiff, observing that " the Legislature would not have thrown upon the jury such great difficulty in calculating the *solatium* to the different members of the family without some rule for their guidance. *When an action is brought by an individual for a personal wrong, the jury in assessing the damages can, with little difficulty, award him a solatium for his mental suffering along with an indemnity for his pecuniary loss.*" We have italized that portion of the above quotation which shows that the learned judge clearly distinguished between such an action, under special statutes, and one by the party himself, who is directly injured. His whole opinion, as will be seen by a careful perusal, is based upon the difficulty indicated in the first paragraph of the above quotation.

By a statute of Massachusetts it was provided that, if any person should receive any injury in his person, by reason of any defect or want of repair in a road, he might recover of the party obliged by law to repair the road, the amount of damages sustained by such injury. *Cumming v. Inhabitants of Williamsburg*, 1 Cush. 451, was an action by plaintiff under that statute, and the court, Metcalf, J., distinctly held that, " though that bodily injury may have been very small, yet if it was a ground of action within the statute, and caused mental suffering to the plaintiff, that suffering was a part of the injury for which he was entitled to damages." *Fay v. Parker*, 53 N. H. 359, cited by defend-

ant's counsel, has not a word on the subject, but is in regard to exemplary or vindictive damages.

In actions under statutes giving a right of action to husband, or wife, or parents, brothers and sisters, for the death of a husband, or wife, or parent, or son, or brother, or sister, it seems well settled that the damages provided for and recoverable under them are only such as are pecuniary and actual, or fixed in amount by the statutes, and not exemplary and not on account of the mental suffering of the deceased or for the sorrow, grief or suffering of the surviving relatives who may be entitled to recover. Field on Damages, 498. Instructions substantially the same as the one under consideration have been expressly approved by this court. *Whalen v. St. L., K. C. & N. Ry. Co.*, 60 Mo. 323. The authorities cited by Professor Greenleaf do not support him, but clearly recognize the law as heretofore declared by this court, and, therefore, with the highest regard for the distinguished author, whose opinion on any legal question is an authority of great weight, we cannot, in this instance, adopt the rule to which he has given the sanction of his name. In fact, we are inclined to believe from the utter contradiction it meets in the authority relied upon by him that the statement of the law, as it appears in his work, is the result of a typographical error. The circuit court, if the verdict is manifestly prompted by passion and prejudice, or the damages are palpably excessive, may and should set aside the verdict.

There have been three trials of this cause, and three verdicts for plaintiff, the first for $10,000, the second $12,-000, and the third for $10,000, and we could, with no propriety say, under these circumstances, that the damages are excessive. The judgment is affirmed.

4. DAMAGES, NOT EXCESSIVE.