SHERMAN v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

1. **Practice.** PROOF OF GUARDIANSHIP. The answer denying the plaintiff's right to sue as guardian, and no evidence having been offered of her appointment as such, so far as the record shows, the judgment in her favor is, for that reason, reversed.

2. **Railroad**: FREE RIDER ON FREIGHT TRAIN, TO BE REGARDED AS A PASSENGER, WHEN. It seems that a person riding on a freight train on which passengers are allowed to be carried, is to be regarded as a passenger, although he may have boarded the train without the knowledge or permission of the conductor and paid no fare, if the conductor, after becoming aware of his presence, permits him to remain.

3. **Master Liable for Torts of Servant, when.** It is well settled that to make the master liable for the tortious act of his servant, the act causing injury must have been in the line of the servant's duty and within the scope of his employment. Upon this principle, where the conductor had exclusive control of a railroad train and of all persons on it, but a brakeman, nevertheless, without the

knowledge of the conductor, assumed to direct a boy on the train to perform a certain service, and in the attempt to comply with the order the boy was injured; *Held*, that the railroad company was not liable.

4. ———: EFFECT OF PLAINTIFF'S YOUTH ON THE RULE OF LIABILITY. The youth of a person injured on a railroad train may excuse him from concurring negligence, but it cannot supply the place of negligence on the part of the company, or extend the liability of the company for tortious acts of its servants.

5. ———: INJURY TO PASSENGER ON FREIGHT CAR. If a passenger on a freight train is injured while simply riding on a freight car by reason of an accident to the train, the company will be liable if the rule prohibiting passengers from riding elsewhere than in the caboose is not conspicuously posted as required by law; but it is otherwise if the injury is the result of an attempt on his part to perform an unauthorized service for the company.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Geo. W. Easley* for appellant.

*S. Turner* for respondent.

HOUGH, J.—The petition in this case alleged the minority of the plaintiff and the appointment by the probate court of Livingston county of Ellen Sherman as his guardian. The appointment of the guardian is specifically denied in the answer and the record fails to show that any evidence was offered on that subject. Following the decision of this court in the case of *Porter v. The Hannibal & St. Joseph R. R. Co.*, 60 Mo. 160, the judgment must, for this cause, be reversed.

As the case must be retried, it will be proper to make some observations upon the law of the case as presented by the record now before us. The evidence taken at the trial is preserved in the bill of exceptions in the following form: The plaintiff introduced evidence tending to prove that the plaintiff got on a freight train of defendant at

Chillicothe, about October 6th, 1875, without the knowledge or consent of his parents; that he rode on said car some ten miles when he was discovered, being still in Livingston county, by a brakeman on said train, when he was told by the brakeman if he wanted to ride he must help brake, and placed him at a brake and instructed him in the signals when to brake and signal the engineer; and when he got to Cameron he was told if he wanted to ride to St. Joe he must help coal up; that the said brakeman permitted him to ride on said train, and not in the caboose car attached to the train for the purpose of carrying passengers, till the train arrived at Cameron, a point forty miles west of Chillicothe; that at Cameron the plaintiff, who was thirteen years and ten months old, and a bright, capable boy of his age, was directed by said brakeman to assist in coaling up the engine, which he did; that when it was coaled up, the brakeman told the boy to get on top of a certain freight car if he wanted to ride to St. Joseph, which he did; and while riding on top of said train, and about one mile from St. Joseph, and in Buchanan county, the brakeman, by signs, directed the plaintiff to adjust some boards on a car, which boards were falling off; that while plaintiff was in the act of so adjusting said boards, one of them striking on and against a post hit and threw plaintiff off the train, which was then in rapid motion, and broke his leg, seriously injuring him for life; that the conductor of said train knew plaintiff was on the train at Cameron and afterward to the time of the accident, but never spoke to him or gave him any directions in any way.

Defendant offered evidence tending to show that the conductor had exclusive control of the train and all persons on it; that plaintiff never paid any fare; that he secreted himself when he got on the train; that no employee of defendant had any authority from defendant to carry passengers unless they paid their fare, and never to permit any person to ride on any part of their train except in the

caboose attached to the train for the purpose of carrying passengers; that this train had a caboose attached; that all conductors and brakemen had been instructed never to carry any person without he paid his fare, and never to carry any person on a train other than in the caboose; that the brakeman had exclusive control of coaling up at Cameron.

It may be conceded that the plaintiff is to be regarded as a passenger at the time he was injured. The train being 2. RAILROAD: free rider on freight train, to be regarded as a passenger, when. one on which passengers were allowed to be carried, although the plaintiff boarded the train without the permission or knowledge of the conductor, yet as the conductor, after he became aware of his presence on the train, suffered him to remain, he was entitled to the same protection as if he had paid his fare. *Wilton v. Middlesex R. R.*, 107 Mass. 108.

It is plain, however, from the testimoy, which we have inserted at length, that the plaintiff was not injured simply 3. MASTER LIABLE FOR TORTS OF SERVANT, WHEN. by reason of his being carried as a passenger in a dangerous position, in violation of the rules of the company, but in consequence of the order of the brakeman to him to adjust some loose boards on one of the cars in the train, in the execution of which order he was thrown from the train and injured. This order of the brakeman was clearly the proximate cause of the injury. But for this order and the attempted execution of it, it does not appear that the plaintiff would have been injured, as the train seems to have gone through in safety. Whether the company is responsible for the consequence of the brakeman's request to the plaintiff to adjust the loose boards, is the sole question to be determined.

It is well settled that to make the master liable for the tortious act of his servant the act causing injury must have been in the line of the servant's duty and within the scope of his employment. Here the testimony shows that the brakeman had no control whatever over any person on the train and no concern with them. The testimony is,

" that the conductor had exclusive control of the train and of all persons on it." The control assumed by the brakeman over the plaintiff, and his directions to him to render various services on the train, and especially the service in which he was injured, were wholly unwarranted and unauthorized, and the master cannot be held liable for the consequences of such acts. When an act done by a servant is within the scope of his employment, the master will be liable although the servant does not obey his orders as to the manner of its performance. But it was no part of the duty of the brakeman, so far as this record shows, to employ or to direct any person, much less a passenger, to perform any service on the train, and if without such auauthority he negligently led the plaintiff into danger, such negligence is his own and cannot be imputed to the master. Nor does it appear that the conductor was aware of the misconduct of the brakeman in this particular.

The youth of the plaintiff, as was said by Agnew, J., in *Flower v. Railroad Co.*, 69 Pa. St. 216, (8 Am. Rep. 251,) **4. ——: effect of plaintiff's youth on the rule of liability.** "may excuse him from concurring negligence, but it cannot supply the place of negligence on the part of the company, or confer authority on one who has none." *Snyder v. Hannibal & St. Joseph R. R. Co.*, 60 Mo. 413; *Towanda Coal Co. v. Heeman*, 86 Pa. St. 418.

If by reason of an accident to the train the plaintiff had been injured while simply riding on a freight car, the defendant would, on the record before us, be held liable, as it does not appear that the regulations of the company prohibiting passengers from riding elsewhere than in the caboose, were conspicuously posted as required by law. The statute on this subject is as follows: "In case any passenger on any railroad shall be injured while on the platform of a car, or in any baggage, wood or freight car, in violation of the printed regulations of the company, posted up at the time, in a conspicuous place inside of its passenger cars then in the train, such company shall not be liable for the injury; provided, said company, at the

time, furnished room inside its passenger cars sufficient for the proper accommodation of the passengers." R. S., § 800; *Higgins v. Hannibal & St. Joseph R. R. Co.*, 36 Mo. 418. If the rules were properly posted, the mere acquiescence of the conductor in the plaintiff's remaining on one of the freight cars after he discovered plaintiff was on the train, would not render the company liable, unless, perhaps, the plaintiff could not read, and the conductor was aware of that fact, and had reason to believe that he was ignorant of the rules of the company. The judgment will be reversed and the cause remanded. All concur.