Devlin v. The W., St. L. & P. Ry. Co.

DEVLIN V. THE WABASH, ST. LOUIS & PACIFIC RAILWAY COMPANY, *Appellant.*

1. **Evidence** : DECLARATIONS OF AGENTS. Declarations of a servant are not competent evidence against a master, unless made while the former is transacting the business of the latter ; they must be co-incident with the events to which they relate, and not narratives of what has passed.

2. **Master and Servant** : APPLIANCES FURNISHED SERVANT : DEFECTS IN : DUTY OF SERVANT. A servant in the use of appliances furnished him by the master is bound to take notice of those dangerous defects, of which he has knowledge and which are obvious to his senses, but he is not bound to investigate for himself a department of work with which he has nothing to do and to set up his judgment against that of his master as to the safety of such appliances.

3. **Railroad** : DEFECTIVE TRACK : ENGINEER. An engineer of a railroad, which is in general use, although having knowledge that the rails of the track were old, light and well worn, is not bound to pursue the inquiry and to determine for himself and at his own peril whether the road is or is not fit for use.

4. —— : —— : ——. The engineer was not bound to quit the service nor did he assume all risks from want of repair, unless the track was so far out of repair, to his knowledge, that it would be necessarily dangerous to the mind of a prudent person to run an engine over it.

5. —— : ——. A railroad is not bound to furnish in such case a safe track, its duty in that respect being to use all reasonable care and precaution in placing and keeping it in good order and condition.

6. —— : REASONABLE CARE. What is such reasonable care depends on the surroundings and the dangers to be fairly apprehended and encountered by the servant in the use of the track.

*Appeal from Ray Circuit Court.*—HON. G. W. DUNN, Judge.

REVERSED.

*W. H. Blodgett* and *G. B. Burnett* for appellant.

(1) The court erred in overruling defendant's demurrer to plaintiff's evidence. Wood on Master and Servant, 680, 681, 682; Sherman and Redfield on Negligence, sec. 94; Pierce on Railroads, 379; Thompson on Negligence, 1008; *Kelley v. Silver Spring Co.*, 12 R. I. 112; *Davis v. D. & M. Ry. Co.*, 20 Mich. 105; *I. & C. Ry. Co. v. Love*, 10 Ind. 556; *Gibson v. Erie Ry. Co.*, 63 N. Y. 449; *C. & A. Ry. Co. v. Monroe*, 85 Ill. 25; *Way v. Ill. Cent. Ry. Co.*, 40 Ia. 341; *Devitt v. Pacific Ry. Co.*, 50 Mo. 302; *Cummings v. Collins*, 61 Id. 520; *Keegan v. Kavenaugh*, 62 Id. 232; *Hulett v. St. L., K. C. & N. Ry. Co.*, 67 Id. 239; *Smith v. St. L., K. C. & N. Ry. Co.*, 69 Id. 32; *Cagney v. H. &. St. Joe Ry. Co.*, Id. 416; *Porter v. Same*, 71 Id. 66. (2) The court admitted improper evidence on behalf of plaintiff against the objection of defendant. Greenleaf's Ev. secs. 113, 114; Story on Agency, secs. 134, 137; *Griffin v. Ry. Co.*, 26 Ga. 111; *Robinson v. Ry. Co.*, 7 Gray, 92; *Moore v. Mcacham*, 10 N. Y. 207; *Rogers v. McCune*, 19 Mo. 558; *McDermott v. H. & St. Joe Ry. Co.*, 73 Id. 516; *Adams v. Same*, 74 Id. 553; *Aldridge v. Furnace Co.*, 78 Id. 559. (3) The court gave improper instructions at the instance of plaintiff and of its own motion. See authorities, *supra*. (4) The court refused to give proper instructions asked by defendant. Authorities, *supra*.

*Shotwell &.Ball* for respondent.

(1) The court did not err in overruling appellant's demurrer to the evidence. It is only in a case, where there is no evidence that such an instruction can be sustained. *Roulsong v. Ry.*, 45 Mo. 236; *Chambers v. McGovern*, 33 Mo. 202; *McKown v. Craig*, 39 Mo. 156; *McFarland v. Bellows*, 49 Mo. 311. (2) The question of defendant's negligence and the contributive negligence

of the plaintiff was for the jury to determine from all the evidence in the case. 2 Thompson on Negligence, 1012 ; *Porter v. Ry.*, 60 Mo. 160 ; *Mehan v. Ry.*, 73 N. Y. 585. (3) It was not the duty of plaintiff, nor did he have the opportunity to know the defects of the track on which he was injured and without investigation he had the right to rely upon the presumption that his employers had furnished him an ordinary safe track on which to run ; therefore, the court committed no error in giving all of plaintiff's instructions. *Porter v. Ry.*, 71 Mo. 66 ; *Snow v. Railroad*, 8 Allen, 441 ; *Seaver v. Boston & M. Railroad*, 14 Gray, 466 ; *Gibson v. Pa. Railroad*, 46 Mo. 163 ; *Brothers v. Carter*, 52 Mo. 372 ; *Porter v. H. & St. Joe Railroad*, 60 Mo. 160 ; *Dale v. St. L., K. C. & N. Railroad*, 63 Mo. 455–459. (4) It was defendant's duty to provide plaintiff, as its servant, a good, safe and properly constructed track, adapted to the carrying on of its business, to use all reasonable care and precaution for plaintiff's safety, and the degree of care must be proportionate to the dangerous nature of the machinery used. *Kennedy v. N. M. Railroad*, 36 Mo. 351 ; *Lewis v. St. L. & I. M. Railroad*, 59 Mo. 495 ; *Keegan v. Kavanaugh*, 62 Mo. 232 ; *Whalen v. Centenary Church*, 62 Mo. 326 ; *Cayzer v. Taylor*, 10 Gray, 274 ; *Porter v. H. & St. Joe Railroad*, 71 Mo. 66 ; *Same v. Same*, 60 Mo. 160 ; *Ryan v. Fowler*, 24 N. Y. 410. (5) If the agents of defendant, whose duty it was to keep the track in repair, knew of its defects and dangerous condition, the knowledge of such agents was the knowledge of defendant, and the court was right in overruling defendant's objections to the evidence. *Harper v. St. L. Railroad*, 47 Mo. 560 ; *Brothers v. Carter*, 52 Mo. 372 ; *Lucio v. St. L. & I. M. Railroad*, 59 Mo. 507. (6) The statements of an agent while in the employ of his principal, and engaged in the transaction of his business, bind the principal. Authorities, *supra*. (7) The instructions given for defendant covered the entire law of the case on the

part of the defendant, and the others were properly re-fused.   Authorities, *supra*.

BLACK, J.—The plaintiff was employed by the de-fendant as locomotive engineer on the branch road from St. Joseph to Lexington Junction.   On the thirteenth of February, 1881, he and Valentine were ordered out from St. Joseph to clear the track of snow.   Valentine was in front with his engine, next a coal car, behind that a ca-boose and plaintiff with his engine, all connected form-ing a solid train.   When three or four miles out from St. Joseph Valentine's engine broke a rail, in consequence of which the coal car and rear engine were thrown off the track.   The plaintiff's engine rolled down an em-bankment and he was injured and to some extent per-manently disabled.

The evidence shows that different kinds of rails were used on the road ; those on the section in question were old and well worn.   The section foreman says the condi-tion of the road was generally bad at his section ; that he had often asked for iron and got some old taken up from other places to patch up with, but got no new iron. There was also evidence tending to show that the rail which broke was splintered and battered.   Plaintiff had been on the road since 1870, first as fireman, and for five years before the accident had run an engine over the road once and often twice a day.   He says the condition of the road was good as far as he knew ; that he had frequently run over broken rails, could not say how of-ten, mostly in the winter time ; when going over the road he could tell when on the different kinds of iron.

1.   The testimony of the foreman of the round house as to the condition of the road, so far as he spoke of his own knowledge, was competent, but he was also allowed to say that the section foreman stated time and again that the road was in bad condition ; that he had

applied to the roadmaster for new materials, etc. It does not appear that these statements made by the section foreman to the foreman of the round house were made while the former was transacting the business of defendant. What the agent said while representing the principal and while the act was in progress was a part of the *res gestae* and admissible. Such declarations of the agent should, however, be coincident with the events to which they relate. If a narrative of what has passed they should be excluded. *Adams v. Railroad,* 74 Mo. 554; *Packet Co. v. Clough,* 20 Wall. 541; Greenleaf's Evid., secs. 113-14; Story on Agency, sec. 134; Whart. Law of Evidence, sec. 1174. The statements, therefore, should have been excluded.

2. The court overruled a demurrer to the evidence and also refused a number of instructions asked by the defendant, of which action error is assigned. With respect to these rulings the defendant contends, (1) that as the condition of the road was generally bad and plaintiff had been over it so often, he was bound to know its real and true condition and his knowledge in that behalf was not a question for the jury; and (2) having continued to work upon the road, he took upon himself all the dangers arising from the bad condition of the road, and that the instructions need not submit any question of contributory negligence on his part to the jury.

It does not follow, because the rails were old, light and well worn in places, to the knowledge of plaintiff, that he was bound to pursue the inquiry and determine for himself and at his own peril whether the road was, or was not fit for use. The defendant had its employes, whose special duty it was to keep the track in repair; they were replacing the old rails with new ones on parts of the road. The road was in general use. All this would indicate to the mind of any one that the officers regarded the road as fit for use, and upon their superior judgment the plaintiff had a right to rely, to some ex-

tent, at least. The servant is bound to take notice of those dangerous defects of which he has knowledge and which are obvious to his senses, but he is not bound to investigate for himself a department of work with which he has nothing to do, and set up his judgment against that of his master. *Porter v. Railroad*, 60 Mo. 160 ; *Dale v. Railroad*, 63 Mo. 455 ; *Porter v. Railroad*, 71 Mo. 66. . Nor does he in all cases assume the risks arising from all defects or want of repair of which he may have knowledge. In Wood on Master & Servant, section 327, it is said : "The servant, although he may know that the instrumentalities of the business are not in good repair or condition, is not thereby necessarily chargeable with. negligence in remaining in the master's employ and using them, unless real danger therefrom is apparent."

Here the road was open for daily use, and it was a question of fact, whether, under all the circumstances, the plaintiff was guilty of contributory negligence. He was not bound to quit the service, nor did he assume all risks from want of repair, unless the track was so far out of repair, to his knowledge, that it would be necessarily dangerous to the mind of a prudent person to run an engine over it. This is in accord with common fairness and the daily conduct of master and servants, and has, we think, the support of the following authorities : *Flynn v. Railroad*, 78 Mo. 195 ; *Conroy v. Iron Works*, 62 Mo. 39 ; *Stoddard v. Railroad*, 65 Mo. 521 ; *Snow v. Railroad*, 8 Allen, 441 ; *Patterson v. Railroad*, 76 Pa. St. 393; *Hawley v. Railroad*, 82 N, Y. 370 ; *Huddleston v. Lowell Machine Shops*, 106 Mass. 282 ; *Ford v. Railroad*, 110 Mass. 240 ; *Lawless v. Railroad Co.*, 136 Mass. 1.

The petition is extravagant in its averments. It alleges that many of the ties were rotten and that the whole road had been condemned by the railroad commissioners. From this it would seem the road was wholly

unfit for use ; still it is alleged that plaintiff was igno-
rant of all this and there is no evidence to support these
averments.   We must take the case as it stood when the
demurrer to the evidence was filed.   It follows from
what has been said that the demurrer to the evidence
was properly overruled, and that defendant's instruc-
tions numbered four, six, seven, eight, nine, twelve,
thirteen and fourteen, were properly refused.

Instructions numbered one, two, three and four,
given at the request of plaintiff, are not objectionable.
The fifth is the only one which states hypothetically the
facts upon which a recovery is asked, and is as fol-
lows :

"5.   If the jury believe that said injuries resulted
from the use by defendant of said railroad track, which
was not reasonably safe and suitable for the carrying on
of its business, and which might have been prevented
by ordinary care and precaution on the part of the de-
fendant, and that defendant knew of such defects
through its agents, or might have known thereof by the
exercise of reasonable care and diligence, then the jury
will find for the plaintiff, if they believe, from the evi-
dence, that he was at the time of said injuries exercising
ordinary care and prudence, and did not know of the
defective and improper condition of said track, and the
increased exposure of danger on account of such de-
fects."

The court gave the following instruction asked by
the defendant, after inserting the words included in
brackets :

"2.   If the jury find, from the evidence, that the
injury to plaintiff was directly occasioned by the break-
ing of a rail in defendant's railroad track [ and if they
further find that the track at the time was in a reasona-
bly safe condition ] and the most careful inspection of
said rail, previous to said breaking, as aforesaid, would

not have disclosed any flaws or defects therein; and if they further find that said rail was apparently sound and in good condition the night before said injury to plaintiff, and if they further find that the extraordinary cold weather then prevailing was the cause of said rail breaking suddenly, as aforesaid, then they are instructed that the plaintiff cannot recover in this action, and the finding and judgment must be for the defendant."

Plaintiff's instructions are, it will be seen, all of a general character, and the fifth fails to direct the attention of the jurors to negligence with respect to the rail which broke and caused the injury. The above instruction given by the court of its own motion is the only one which is at all specific. That instruction should have been given as asked. The inserted words imposed upon the defendant a duty not required, for defendant was not bound to furnish a safe track; the duty in that respect is to use all reasonable care and precaution in putting and keeping the track in good order and condition. *Siela v. Railroad*, 82 Mo. 435, and cases cited. What is such reasonable care in a given case must, of course, depend upon the surroundings, and the dangers to be fairly apprehended and encountered. If the rail had no visible defects, but was broken by reason of the frost and cold weather, then the defendant is not liable, and the third instruction asked by the defendant should have been given. We see no objection to the tenth. The fifth was properly refused, for there is no evidence of any latent defect in the rail. The expression, *extraordinary* cold weather, does not appear to have been used in a sense indicating an act of God, for which the company would not be liable, still it had better be omitted, for the evidence does not show that the weather was other than that to be anticipated in this climate at the time of the year in question. Judgment is reversed and cause remanded for new trial. All concur.