BROWNING, Respondent, v. KASTEN, Appellant.

St. Louis Court of Appeals, April 12, 1904.

1. **MASTER AND SERVANT: Assumption of Risk: Knowledge of Danger.** An action by a servant against his employer, for damages for injuries received by reason of being put in an unsafe place to work, can not be defeated on the ground that he assumed the risk incident to the employment, unless it is shown that he realized the existence of the hazard, either from the fact that it was too obvious to remain unknown, or from positive evidence that he knew it.

2. ———: ———: **Unsafe Place: Duty of Servant.** It is a master's duty to use ordinary care to furnish his servant a safe place to work, and it is the duty of the servant to use ordinary care to avoid an injury; the servant is not charged with the responsibility of inspecting the place furnished to detect lurking dangers.

3. ———: **Unsafe Place: Contributory Negligence.** An action by a servant against his employer for damages for injuries received by reason of being put in an unsafe place can not be

defeated on the score of contributory negligence, unless the danger was so palpable that one of ordinary prudence would have been deterred from working there.

4. ———: ———: **Knowledge of Danger: Authority of Foreman.** One who was foreman of a brick yard in the absence of the proprietor, had authority when the proprietor was a hundred yards away, on the other side of a brick kiln, to direct an employee where to work, and the proprietor was liable for injuries received by the employee in consequence of having been put by such foreman to set bricks against an unsafe wall, where both foreman and proprietor had knowledge that the wall was unsafe and the employee had not seen it until put to work there and the foreman had been working there in the apparent belief that it was safe, the usual duty of the employee having been to run an engine and not to lay bricks.

5. ———: ———: **Proximate Cause.** The proximate cause of the injury was the insecure condition of the wall and not the foreman's direction to the employee to work there.

Appeal from Cape Girardeau Circuit Court.—*Hon. H. C. Riley*, Judge.

AFFIRMED.

*Wilson Cramer* for appellant.

(1) At the time the accident occurred plaintiff was not in the line of his duty, nor at his proper place, but at the request of Martin Schloss, a fellow workman, had voluntarily gone into the west kiln to do the work of Schloss during the latter's temporary absence, and is therefore not entitled to recover. Ryan v. Boiler Works, 68 Mo. App. 146. (2) But even if plaintiff had been rightfully in the west kiln, he knew that the walls were constructed of mud and bricks, without mortar, and consequently more or less unsafe, and the leaning and cracked condition of the east wall was obvious and equally open to his inspection. In going in there to work plaintiff assumed the risk and can not recover. Watson v. Kansas & Texas Coal Co., 52 Mo. App. 366; Steinhauser v. Spraul, 127 Mo. 541; Epperson v. Postal Tel. Cable Co., 155 Mo. 346.

*W. H. Miller* for respondent.

GOODE, J.—Plaintiff was hurt by part of a wall of a brickkiln falling on him and sued the defendant, who is the owner of the kiln, for the consequent damages. There were two kilns on the yard, denominated the east and west kilns. Plaintiff was injured by the fall of the east wall of the west kiln. He had been employed about the brickyard five or six weeks, and his usual duty was running an engine; but when the engine was idle, other tasks were assigned to him. On the day of the accident he had been at work daubing the outside of the kilns with mud and shortly prior to it was working on the east kiln. During the afternoon Martin Schloss, who was foreman of the yard, asked the plaintiff to take his (Schloss's) place at the west kiln while he transacted some business with a man who had called to see him. In compliance with that request or order, plaintiff began to set brick along the east wall of the west kiln. He had been doing this work for a few moments when Schloss returned, said the bricks were not set right and that he would show plaintiff how to set them. While Schloss was showing him, the wall fell and broke his leg. The side of the kiln was thirty-two feet long and twelve feet high. The part that fell was a segment twenty-four feet across and eight feet high; that is to say, the middle of the wall fell to within four feet of the ground and leaving about four feet standing at either end. The wall had been leaning outwardly for some time and Schloss had been warned that it was dangerous. Cracks had appeared in it the morning of the day of the accident and Schloss's attention was called to them. He said the wall would stand until he got new bricks laid against it and then they would hold it. There is testimony that Kasten's attention had been attracted by the bad condition of the wall, and that after the accident he said he had intended to prop it but forgot to do so.

Plaintiff got judgment and defendant appealed.

The contention is advanced that plaintiff assumed the risk of the wall falling when he went to work on the west kiln, because its tottering and dangerous condition was apparent to the eye; that he had been previously working a short distance away and the wall was visible to him. But the plaintiff's testimony was that his view of the wall before he began work on it was obstructed by intervening objects and he did not notice it was in a dangerous state when he took Schloss's place. As setting brick in the kilns was not his usual duty and he had been about the west kiln for only a few moments before it fell, it is idle to say it so plainly appears he realized and voluntarily encountered the danger of working there as to call for a nonsuit, when the foreman and other men whose business it was to work there all the time, continued to do so, under the belief that the wall would stand until strengthened by the fresh brick which were being set. The instruction granted for the defendant on this defense of assumed risk was too favorable to him. It was that if the jury found the wall was open to plaintiff's inspection, and by ordinary care he could have discovered it was unsafe, he could not recover, though the defendant knew its state.

One condition necessary to defeat a servant's action for a personal injury on the ground that he assumed more risk in the performance of a task than is commonly incident to it, is that he realized the existence of the hazard he incurred; and that he did realize it must appear either from the fact that it was too obvious to remain unknown, or from positive evidence that he knew it. Dean v. St. Louis Woodenware Co., 106 Mo. App. 167. It is a master's duty to use ordinary care to furnish his servant a safe place to work, and the servant is not charged with the responsibility of inspecting the place furnished to detect lurking dangers. Porter v. Railroad, 60 Mo. 160; Herdler v. Stove Co., 136 Mo. 3; Clowers v. Railroad, 21 Mo. App. 213. It

is incumbent on the servant, after he has been provided with a reasonably safe place to work, to use ordinary care, to avoid an injury. We do not understand that he can be held to have assumed a risk because he failed to discover it. Neither can his action for damages be defeated on the score of his own negligence in working in a dangerous place, if the master set him to work there, unless the danger was so palpable that one of ordinary prudence would have been deterred; in which instance the defense of contributory negligence is available. Curtis v. McNair, 173 Mo. 270.

An instruction favorable to the defendant advised the jury that plaintiff could not recover unless defendant knew the wall to be unsafe and with such knowledge told or permitted the plaintiff to work near it without warning him of the danger, and unless the plaintiff did not know, or by ordinary care could not have discovered the danger. The defendant certainly had nothing to complain of in respect to the instructions.

Schloss swore he was foreman only when the defendant was absent, and it is contended that as Kasten was on the premises that day, Schloss was no foreman and, therefore, if he directed Browning to work in a dangerous place, the resultant injury was due to the negligence of a fellow-servant, for which an action will not lie. Kasten was one hundred yards or more away and behind the east kiln when Schloss ordered Browning to work on the west kiln, and it is quite refined to say that one who was foreman in the proprietor's absence, was so completely deprived of authority by the presence of the proprietor somewhere on the premises that an employee was under no obligation to obey the foreman's order. However, the proximate cause of the injury in this case was not Schloss's direction to Browning to work on the west kiln, but the insecure condition of the wall. It is undeniable that Schloss had knowledge of its state and there was testimony that Kasten

had too. He certainly had ample opportunity to know and should be held responsible.

The plaintiff was plainly hurt as the result of a breach of duty by his employer while he (plaintiff) was in the line of his duty and free from negligence.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.