MATTHEW MULVEY *vs.* RHODE ISLAND LOCOMOTIVE WORKS.

A., a workman in the employ of B., was injured by the break of an elevator chain and the fall of the elevator in B.'s machine shop. A.'s business was to load the elevator on the lower floor and unload it on the upper. A staircase near the elevator connected the two floors, and A. was injured while riding with his load on the elevator.

It appearing that the chain had broken some six weeks before and had been repaired, and the evidence being conflicting whether B.'s superintendent had been notified of the break, and it also appearing that the ratchets to arrest the fall of the elevator were not in working order:

*Held*, that the question of B.'s negligence was for the jury.

*Held*, further, that B. was not relieved from liability if the defective condition of the chain and ratchets arose from the negligence of one of A.'s fellow workmen, whose duty it was to care for them. The master cannot relieve himself by delegating to another his obligation to keep the machinery operated by his servants reasonably safe.

It appearing that the workmen habitually rode on the elevator, there being no evidence that A. had been warned not to do so, and it not appearing that the defects in the chain were manifest or the defects in the ratchets.

*Held*, that the court could not, for A.'s alleged contributory negligence, set aside a verdict rendered in his favor.

DEFENDANT'S petition for a new trial.

*Edwin Metcalf & Nicholas Van Slyck*, for the defendant in support of the petition.

A master is bound only to use ordinary care and diligence in providing machinery for his employees. *Daubert* v. *Pickel*, 4 Mo. App. 590; Thompson on Negligence, 982, and cases cited.

The rule that an employer is not liable to a servant for an injury caused by the negligence of a fellow servant applies, although the servant whose negligence causes the injury is a submanager or foreman of higher grade or authority than the plaintiff. *Holden*

v. *Fitchburg R. R.* 129 Mass. 268, 273 ; *Cumberland Coal & Iron Co.* v. *Scally*, 27 Md. 589.

A mere foreman is a fellow workman with those under his control, and the master is not liable to the foreman's fellow servant for the foreman's negligence, unless he is incompetent and the master in fault for employing and retaining him. *Daubert* v. *Pickel*, 4 Mo. App. 590.

The rule that a master is not liable to a servant for injuries sustained from the negligence of a fellow servant in their common employment is not altered by the fact that the servant guilty of negligence is a servant of superior authority, whose lawful directions the other is bound to obey. *Feltham* v. *England*, L. R. 2 Q. B. 33.

" An employer is bound to furnish persons in his employ proper and safe machinery, tools, and implements to work with, and is responsible for injuries resulting from negligence in not doing so ; but when he has discharged his duty in that respect, and the machinery or tools subsequently become defective and unsafe through the negligence of a person properly intrusted with the care and supervision of them, and a fellow servant of such person is injured in consequence of it, the master is not responsible, if he had no notice of the defects." *Mullen* v. *Steamship Co.* 9 Phila. 16.

While a master is liable to a servant for injuries resulting from the negligence of a fellow servant who has been charged with the performance, in place of the master, of duties owed by the master to the servant, yet when the negligence relates to the performance of those duties, he is not liable for the negligence of a competent fellow servant who does not thus stand in the place of the master, although he may have some authority and power of direction over the injured servant. *Hoffnagle* v. *New York Cent. & H. River R. R. Co.* 55 N. Y. 608.   See, also, *Kelly* v. *Boston Lead Co.* 128 Mass. 456 ; *O'Connor* v. *Roberts*, 120 Mass. 227 ; *Thayer* v. *St. Louis, Alton & Terre Haute R. R. Co.* 22 Ind. 26 ; *Sherman* v. *Rochester & Syracuse R. R. Co.* 17 N. Y. 153 ; *Howells* v. *Landore Steel Co.* L. R. 10 Q. B. 62 ; *Weger* v. *Pennsylvania R. R.* 55 Pa. St. 460 ; Thompson on Negligence, 1028, § 33.

A servant receiving an injury through a defect in machinery,

caused by the negligence of the master, cannot recover, if he received such injury through a want of care on his own part, or in disregard of a reasonable regulation of the master. *Shanny* v. *Androscoggin Mills*, 66 Me. 420; *Lyon* v. *Detroit, Lansing & Lake Michigan R. R. Co.* 31 Mich. 429; Thompson on Negligence, 1018, § 23.

An employee cannot recover for an injury suffered in the course of his employment from a defect in the machinery used by his employer, unless the employer knew or ought to have known of the defect, and the employee did not know of it or had not equal means of knowledge. *Hayden* v. *Smithville Manufacturing Co.* 29 Conn. 548.

"A master cannot be held liable for an accident to his servant while using machinery in his employment, simply because the master knows that such machinery is unsafe, if the servant has the same means of knowledge as the master." *Williams* v. *Clough,* 3 H. & N. 258, 260.

"Every workman is bound to know the nature of the instrument he uses." *Dynen* v. *Leach,* 40 Eng. Law & Eq. 491, 493; 26 L. J. Exch. 221.

The rule is laid down that the duties of employer and employee as to care in discovering defects in machinery are reciprocal; and that if the employee is injured by reason of a defect which he might have discovered by ordinary care or diligence, he cannot recover. Thompson on Negligence, 995; *Mad River & Lake Erie R. R. Co.* v. *Barber,* 5 Ohio St. 541, 564, 565; *Dillon* v. *Union Pacific R. R. Co.* 3 Dill. 319.

"A servant who has accepted service with knowledge of the character and position of structures from which he may be liable to injury, in case of injury resulting therefrom cannot maintain an action against his employer for indemnity; he assumes apparent risks, and cannot call upon his employer to make alterations to secure greater safety." *De Forest* v. *Jewett,* 88 N. Y. 264. See, also, *Kelly* v. *Silver Spring Co.* 12 R. I. 112; *Gibson* v. *Erie R. R. Co.* 63 N. Y. 449; *Priestly* v. *Fowler,* 3 M. & W. 1.

*Charles H. Page & Frank H. Jackson,* for the plaintiff, *contra.*

*June* 30, 1883.    DURFEE, C. J.    This is an action of the case for damages, for injuries received by the plaintiff in conse-

quence of the alleged negligence of the defendant corporation. The plaintiff was a servant of the corporation, employed at its foundry.    He had worked there about three months at the time the injury was received, and was over forty years old.    His work was to break iron and wheel it from the yard on to an elevator, by which it was raised about fourteen feet to an upper floor or landing, and there to remove it.    The elevator was built for freight.    It was operated by chains running in grooves over a drum, and was provided with ratchets to catch and hold it in case of accident.    It could be started without stepping upon it, and it stopped of itself when it reached the landing above.    There was a convenient stairway by which, after starting the elevator, the workmen could reach the landing above and there remove the load, stepping on the elevator, however, to do it.    On August 9, 1881, the plaintiff wheeled in a load from the yard upon the elevator, and, instead of ascending by the stairway, attempted to ride up with his load.    The chain giving way, the elevator, when near the upper landing, fell, and the plaintiff received the injuries complained of.    On trial in this court to a jury he recovered a verdict for $4,000.    The corporation asks for a new trial: *first*, because the verdict is against the law and the evidence; and, *second*, because the damages are excessive.

The corporation contends : *first*, that the injury did not result from any want of reasonable care for the safety of the elevator on its part ; *second*, that the negligence of the plaintiff contributed to the injury; and, *third*, that if the elevator was out of repair and unsafe, it was so by the neglect of one of the plaintiff's fellow servants, and that consequently the corporation is not liable.

*First.*  The testimony shows that the elevator chain had broken about six weeks before the accident, and let the elevator fall with one of the workmen and his load upon it.    There was testimony going to show that the person immediately in charge of the men who were using the elevator had then notified the superintendent and asked for a new chain, but no new chain being supplied, had the old one mended and used it again, though some of the links were worn.    This chain remained in use until the elevator fell with the plaintiff, when it was exchanged for a new and heavier chain.    It also appeared that the ratchets, which should have

caught and held the elevator, did not work when the elevator fell either the first or the second time. We think the jury might find on this testimony that the corporation was negligent. There was certainly a debatable question of fact for the jury. It is true the superintendent denied receiving notice of the first accident, but it was for the jury, who heard all the testimony, to say whether he received it or not, and also to say whether, even without notice, he, or some other proper agent of the corporation, would not have known the defective condition of the chain and ratchets, if he or such other agent had exercised such reasonable care as the circumstances demanded.

*Second.* The corporation contends that it was carelessness for the plaintiff to ride up in the elevator. Testimony was submitted to show that the workmen had been warned by the superintendent not to do it. There was no evidence, however, that the plaintiff had been personally warned. There was no printed or written notice forbidding the men to ride up. It was in testimony that the men were in the constant habit of riding up, that the foreman and superintendent saw them do it, and that the superintendent had ridden up himself. Under these circumstances we are not prepared to say that the plaintiff was so clearly negligent in riding up that we ought to set the verdict aside on that account. The corporation also contends that if the chain was dangerously defective the plaintiff was culpably careless if he did not see it, and that, if he did see it, he must be held to have accepted the risk. Doubtless the plaintiff, if he knew the danger, must be held to have assumed the risk. *Kelley* v. *Silver Spring Co.* 12 R. I. 112. But we do not think that he must have known the danger merely because the chain was in plain sight; for though the chain may have been in plain sight, the defects may not have been patent to a mere casual inspection. Neither do we think that he was necessarily so negligent that he cannot recover, if he did not carefully examine the chain. It was the duty of another servant to examine it and make sure that it was safe, and the plaintiff might not unreasonably take it for granted that the servant, who was specially charged with the duty, had performed it. *Porter* v. *Hannibal & St. Jo. R. R. Co.* 60 Mo. 160. Moreover the rachets did not work. It is not claimed that the defect-

iveness of the ratchets was patent. According to the plaintiff's own testimony, it was after the fall of the elevator with him that he heard of its previous fall.

*Third.* The fact that the defective condition of the chain and ratchets was attributable to the negligence of a fellow servant of the plaintiff, if the fellow servant was one whose duty it was to care for them, does not relieve the corporation. It is the duty of a master, who furnishes machinery for his servants to operate or work about, to see to it that it is reasonably safe. He cannot divest himself of this duty by devolving it on others, and if he does devolve it on others, they will simply occupy his place, and he will remain as responsible for their negligence as if he were personally guilty of it himself. *Ford* v. *Fitchburg R. R. Co.* 110 Mass. 240 ; *Laning* v. *N. Y. Central R. R. Co.* 49 N. Y. 521 ; *Chicago & N. W. R. R. Co.* v. *Jackson*, 55 Ill. 492 ; *Corcoran* v. *Holbrook*, 59 N. Y. 517, 520 ; 17 Amer. Rep. 369 ; *Harper* v. *Indianapolis & St. Louis R. R. Co.* 47 Mo. 567 ; *Brickner* v. *New York Central R. R. Co.* 2 Lansing, 506 : affirmed by Court of Appeals, 49 N. Y. 672 ; *Flike* v. *Bsston & Albany R. R. Co.* 53 N. Y. 549.

Our conclusion is that the corporation does not show a case which will warrant the setting aside of the verdict as against the law and the evidence. And in regard to the damages : the injury was severe and permanent, and, though the damages are large, we are not prepared to say that they are excessive.

*Petition dismissed.*