JAMES CONROY, Respondent, v. VULCAN IRON-WORKS, Appellant.

### May 28, 1878.

Where appliances are palpably dangerous, if a servant uses them he takes the risk; but where no immediate danger is threatened, or where it is reasonable to suppose that by great caution and skill danger may be avoided although the machinery or appliance is still used, the servant does not assume the same risk; and if the servant has called the attention of his superior to the supposed risk, and has had a promise that the needful repairs will be made, he may rely upon that promise until such time has elapsed as would show that the promise will not be carried out, or that it has been broken. And if, supposing that by using care he may continue his work and be safe, and relying on his master's promise, the servant continues his employment, the mere fact that he knew of the danger is no bar to a recovery.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

CLINE, JAMISON & DAY, for appellant: Where the pleadings admit that plaintiff had full knowledge of the dangerous condition of the apparatus which caused his injury, the case should not be permitted to go to the jury. — *Cummings* v. *Collins*, 61 Mo. 520. Where the defence is plaintiff's knowledge of the dangerous condition of the machinery, it is error to give instructions which ignore the defence. — *McDermott* v. *Railroad Co.*, 30 Mo. 115; *Harper* v. *Railroad Co.*, 47 Mo. 567; *Debitt* v. *Railroad Co.*, 50 Mo. 302; *Gibson* v. *Railroad Co.*, 46 Mo. 163. Plaintiff must allege and prove his ignorance of the danger and the defect which caused his injury. — Whart. on Neg., sect. 300; *Greenleaf* v. *Railroad Co.*, 29 Iowa, 14. When the

servant knows the default of his master, he assumes the risk and cannot charge it to his master. — *Wright* v. *Railroad Co.*, 25 N. Y. 566 ; *Buzzell* v. *Manufacturing Co.*, 48 Mo. 115 ; *Thayer* v. *Railroad Co.*, 22 Ind. 26 ; *Haydon* v. *Manufacturing Co.*, 29 Conn. 348 ; *Railroad Co.* v. *Barber*, 5 Ohio St. 541.

McGINNIS & SEARLE and FINKELNBURG & RASSIEUR, for respondent, cited : *Conroy* v. *Vulcan Iron-Works*, 62 Mo. 35 ; *Dale* v. *Railroad Co.*, 63 Mo. 460 ; *Cummings* v. *Collins*, 61 Mo. 524.

BAKEWELL, J., delivered the opinion of the court.

This cause, on a former occasion, was sent back for retrial, by the Supreme Court, and will be found reported in 62 Mo. 35. It is unnecessary, for the purposes of this opinion, that any fuller statement of the case should be made. It is enough to refer to the opinion just cited.

The only errors insisted upon here are thus stated by counsel for appellant in his brief : " It is admitted by the pleadings in this case that respondent had full knowledge of the dangerous condition of the floor of the hoist at the time it gave way and caused his injuries ; and the case should not have been permitted to go to the jury. Respondent's second and third instructions are error. They both ignore the defence set up and proved, that the respondent knew, at the time he received the injuries, of the dangerous condition of the floor of the hoist. The court committed error in refusing defendant's instructions, as they were based upon facts admitted by the pleadings and proved at the trial. The case was sent back by the Supreme Court to try the very issue that was stricken out of the petition and admitted by the reply. Respondent took from his petition all cause of action by striking out his allegations of want of knowledge of the danger at the time of his injuries. It was incumbent on respondent to allege and prove that he was ignorant of the defect and the

danger that caused his injury; otherwise it would appear that he was willing to encounter it in consideration of his being retained in service. An employee cannot recover for an injury suffered from a defect or danger known to him; and where the servant knows the default of his master, he assumes the risk and cannot charge it to his employer."

Where the appliances used are palpably dangerous, if the servant uses them he takes the risk; but where no immediate danger is threatened, or where it is reasonable to suppose that by great caution and skill danger may be avoided although the machinery or appliance is still used, the servant does not assume the same risk; and if the servant has called the attention of his superior to the supposed risk, and has had a promise that the needful repairs will be made, he may well rely upon that promise until such time has elapsed as would show that the promise will not be carried out, or that it has been broken; and if, supposing that by using care he may continue his work and be safe, and relying, as he has a right to do, upon his master's promise and a belief that his employer will be duly mindful of his servant's rights, he continues in his employment and is injured, the master is liable. *Conroy* v. *Vulcan Iron-Works, supra.*

Upon these principles the case was tried. The pleadings were framed in accordance with them. The instructions gave them to the jury as the law of the case; and these instructions correctly set forth the law and were warranted by the evidence, except that the second instruction for defendant authorized the jury to find for the defendant if they believed that it permitted the hook to drag, and that this dragging caused the injury. This instruction should not have been given, because there was some evidence that this dragging of the hook was unavoidable. But of this instruction defendant cannot complain.

The issue stricken out of plaintiff's petition and admitted by the reply was the question whether or not

plaintiff knew that the machinery was dangerous. He did know it, and therefore could not allege that he did not. But this knowledge was not an absolute bar to his recovery. Appellant insists that it was, and the whole ground of his exception to the action of the trial court seems to be that the court refused to declare that plaintiff, if he knew of the danger, took the risk. It would be simply inhuman to hold that if an employee, thinking the machinery he is using is to some degree unsafe, reports its condition to his employer, and is then told to continue to use it for a short time and that it will be immediately repaired, and then, in obedience to instructions, continues his work cautiously, believing that he can by great care avoid an accident until the evil is remedied, and is injured in spite of all these precautions, his master is not guilty of negligence, but that the servant is, and that therefore there can be no recovery. Such a rule, too, would be as bad for the master as it is for the servant. It certainly is not the law.

The case seems to have been carefully tried. The damages do not seem to be out of proportion to the injury. Our attention is called to no error to warrant a reversal of the judgment, and it is therefore affirmed. All the judges concur.