MARTIN HUGHES, Appellant, v. A. W. FAGIN, Respondent.

St. Louis Court of Appeals, January 27, 1891.

*Motion for rehearing overruled May 26, 1891.*

1. **Master and Servant: CONTRIBUTORY NEGLIGENCE.** A carpenter while at work on an elevator shaft, and while the elevator was in use and above him, leaned a portion of his body inside of the shaft. The boy in charge of the elevator, though knowing that persons were at work in the shaft, lowered the elevator at full speed without giving the warning which he had been accustomed to give,

and the carpenter, being absorbed in his work and in a poor position for observation, was struck by the elevator unawares and injured. *Held* ( ROMBAUER, P. J., *not concurring* ), that it was a question of fact for the jury, whether or not the carpenter was guilty of contributory negligence.

2. ——— : FELLOW-SERVANTS. At the time of such injury the building in which it occurred was in process of erection, and the carpenter was engaged at work in the course of its construction. The elevator was used at the time for the purpose of raising and lowering the workmen and their materials, and also persons desirous of inspecting rooms in the building. *Held* that the carpenter and the elevator boy were fellow-servants engaged in the same general employment.

3. ——— : INJURY OF SERVANT THROUGH INCOMPETENCY OF FELLOW-SERVANT. *Held* ( ROMBAUER, P. J., *dissenting* ), that, where a servant continues in the service with knowledge of the incompetency of a fellow-servant without complaint, it is ordinarily a question for the jury whether he is to be deemed to have accepted the risk of injury through such incompetency ; though, where the danger is so glaring that it is rash and foolhardy for him to continue in the service, the court can so pronounce as a matter of law.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*John J. O'Connor,* for appellant.

(1) If the court gave the instruction for defendant on the theory that appellant was guilty of contributory negligence, it erred, because contributory negligence, unless open and avowed, or where the conduct depended on to show negligence is such as to preclude any other view, is a fact to be found by the jury. *Brown v. Railroad,* 99 Mo. 310 ; *Conroy v. Iron Works,* 62 Mo. 39. Appellant was not negligent, if becoming engrossed in his labor he failed to see the elevator descend. It was for the respondent to use care. *Gessler v. Railroad,* 32 Mo. App. 413 ; *Donovan v. Gay,* 97 Mo. 440 ; *Matthews v. Railroad,* 26 Mo. App. 75 ; *Taylor v. Railroad,* 26 Mo. App. 336. (2) If the

instruction was given on the theory that appellant was barred by reason of his knowledge of the carelessness of the boy, previous to the injury, and, with such knowledge, remained at work, the court erred; because, admitting the boy to be the fellow-servant of appellant, still the evidence showed that he gave the boy notice about an hour before the injury to use care, and, therefore, notwithstanding the work was dangerous, thought that with care he could do the work with safety. In such case it was for the jury to say, from all the evidence, whether the danger was such as to warrant this belief, or was so great as to cause a person of ordinary prudence to refuse the work. *Thorpe v. Railroad*, 89 Mo. 551; *Huhn v. Railroad*, 92 Mo. 440; *Stevens v. Railroad*, 86 Mo. 230; *Bland v. City of Kansas*, 32 Mo. App. 8; *Barry v. Railroad*, 98 Mo. 62; *Soeder v. Railroad*, 100 Mo. 681. (3) The boy who operated the elevator was not the fellow-servant of appellant; he is part of the elevator (Wood's Master and Servant, sec. 394), and his negligence may be treated as a defect of the elevator machinery. And that appellant remained working about the elevator after becoming aware that the boy was careless does not bar a recovery in this case, unless the danger of working about said elevator while operated by said boy was so great as to cause a person of ordinary prudence to refuse to incur the danger. And whether it was so dangerous or not, is a fact for the jury to determine. *Conroy v. Iron Works*, 62 Mo. 39; *Thorpe v. Railroad*, 89 Mo. 663. The rule that all persons engaged in the prosecution of a common work, and paid by one master, are fellow-servants, has many exceptions. *Sullivan v. Railroad*, 97 Mo. 113; *Riding v. Railroad*, 33 Mo. App. 527.

*Rochester Ford*, for respondent.

(1) Plaintiff and elevator boy were fellow-servants, and defendant is not liable to plaintiff for the negligence of a fellow-servant. *Marshall v. Shricker*, 63

Mo. 308 ; 2 Thompson on Neg., p. 1026, sec. 31 ; *Moore v. Railroad*, 85 Mo. 588, 594. (2) Plaintiff cannot recover for the injury occasioned by the alleged incompetency, recklessness and carelessness of the elevator boy, because plaintiff had knowledge of the same before such injury, and, notwithstanding such knowledge, remained in defendant's employ without objection. *McDermott v. Railroad*, 87 Mo. 285.

THOMPSON, J.—This was an action for damages for an injury alleged to have accrued from the negligence of the defendant in employing an unfit and incompetent fellow-servant of the plaintiff, through whose carelessness the injury was inflicted. At the close of the plaintiff's evidence the court directed the jury that the plaintiff could not recover. Thereupon the plaintiff took a nonsuit, and, having moved unsuccessfully to have the same set aside, appeals to this court.

The petition alleges, in substance, that the plaintiff was employed at work on a building in process of erection, belonging to the defendant ; that in the building there was an elevator, which was operated by a boy employed by the defendant for that purpose ; that this boy was careless and negligent, and was an improper and dangerous person to intrust with the operation of the elevator ;- that the plaintiff, while at work in the elevator shaft, was struck by the elevator and injured in consequence of the negligence and carelessness of the boy then operating it,—which negligence consisted in lowering it at full speed, instead of a reduced speed, as he should have done, knowing that the plaintiff was at work in the shaft ; and, also, in not giving the plaintiff any warning that he was about to lower it. The answer was a general denial and a plea of contributory negligence.

The plaintiff's evidence tended to show that he was employed by the defendant's foreman to work as a carpenter in the defendant's building on Olive street in the

city of St. Louis, in process of erection; that the build-
ing was eight stories high; that, for the purpose of
raising and lowering the workmen, their materials, and
also persons desiring to inspect the rooms, an elevator
was placed in the building and was operated by a boy,
who was a son of the superintendent of the work; that
this boy was habitually negligent and reckless in oper-
ating the elevator; that this fact was well known to
the men at work in the building including the plaintiff;
that it must also have been known to the superintend-
ent, who was the father of the boy; and, inferentially,
that it was also known to the defendant, from the fact
that he was frequently in the building; and frequently
occupied a seat in a chair near the elevator, inspecting
the work.

The plaintiff's evidence tended to show that, when
he received the injury, the elevator was at the top of
the shaft at the level of the eighth floor, and was stand-
ing still; that the plaintiff, in the course of his employ-
ment as a carpenter, commenced to do some work on
the elevator shaft, and, in so doing, leaned a portion of
his body inside of the shaft; that the boy commenced
lowering the elevator at full speed without giving him
the warning, which he had been accustomed to give
when lowering the elevator, knowing that persons were
at work in the shaft; that, being absorbed in his work
and being in a position where he could not well observe,
he did not see or hear that the elevator was descending
until it struck him, injuring him severely.

We apprehend, from a reading of the testimony,
that the ruling of the learned judge in nonsuiting the
plaintiff could not have been based on the theory of
contributory negligence, It seems to us that it was a
fair question for the jury, under all the circumstances,
whether the plaintiff was negligent in leaning any por-
tion of his body inside the elevator shaft in doing the
work, and also in failing to observe the elevator when it
descended.

We, therefore, assume that the ruling of the court was based upon the theory, that the plaintiff and the boy were fellow-servants engaged in the same general employment ; that, if the boy was unfit for the service in which he had been placed, and if the defendant knew, or by exercise of reasonable care might have known, of such unfitness, it was equally known to the plaintiff ; and that, by remaining in the defendant's service after the knowledge of the unfitness of the boy, without making any complaint thereof to the defendant or to his foreman, the plaintiff must be assumed, as a matter of law, to have voluntarily accepted any risks of injury which might accrue from the unfitness of the boy. There is much force in this conclusion ; and if it rested upon the law, as embodied in the decisions of our supreme court as they stood twenty-five years ago, we should probably affirm it. But, beginning with the case of *Conroy v. Iron Works*, 62 Mo. 35, those decisions have undergone such modifications that a majority of the court are constrained to hold that, under the facts above stated, whether the plaintiff had accepted the risks of injury from the negligence or incompetency of the elevator boy, was a question of fact to be left to the decision of the jury.

We are of opinion that the plaintiff and the elevator boy were fellow-servants within the rule, which precludes a servant from recovering damages from his master for an injury happening through the negligence of a fellow-servant engaged in the same general employment. A well-known exception to this rule is, that the master is bound to exercise reasonable care in the selection of his servants, to the end that one servant shall not be subjected to unreasonable or unusual danger in consequence of the unfitness of a fellow-servant. Whenever a recovery of damages against the master takes place under this exception to the general rule, it is necessarily predicated upon the personal negligence of the master, or upon that of his vice-principal to whom he

delegates the duty of employing servants, in not select-
ing fit and competent servants to do the work assigned
to them.

The duty, which the master owes to his servant, of
exercising reasonable care in selecting fit and competent
fellow-servants, is a duty of the same nature as the duty
which he owes to them of exercising the like care in
selecting proper machinery and appliances to be used
by them. On the other hand, if the servant, knowing
the unfitness of a fellow-servant, elects to continue in the
employment without complaint, he thereby releases any
right of action for damages against the master, to the
same extent and upon the same ground as where, know-
ing of a defect in a machine or appliance furnished him
by the master to be used, he continues to use it without
complaint. Under former rulings of our supreme court,
and of the courts of most other jurisdictions, if the defect
in the fellow-servant or in the machine was equally
apparent to the servant and to the master, the servant
was deemed as matter of law to accept the risks of
injury from such defect, as one of the risks of his
employment; and, if injured in consequence of it, he
could not recover damages from the master. This rule
declined to recognize any inequality in the situation of
the master and the servant, but placed them on an equal
footing. It was analogous to the well-known rule in
respect of contributory negligence; under which *any*
negligence on the part of the person injured, materially
contributing to the injury, was a bar to a recovery of
damages. But later decisions of our supreme court and
of other courts seemingly recognizing the inequality in
the situation of the master and the servant, and, pro-
ceeding upon conceptions more just and humane, are to
the effect that the servant is not, as matter of law,
deemed to accept the risks of injury from the unfitness
of the fellow-servant, the machine, or the appliance,
unless such unfitness is so glaring and palpable that a
prudent man would not remain in the service; and that,

whether the servant does accept the risks by remaining in the service is ordinarily a question to be submitted to a jury. Among the decisions of our supreme court which state and apply this doctrine are the following: *Conroy v. Iron Works*, 62 Mo. 35; *Stoddard v. Railroad*, 65 Mo. 514; *Devlin v. Railroad*, 87 Mo. 545; *Huhn v. Railroad*, 92 Mo. 440, 447; *Soeder v. Railroad*, 100 Mo. 673, 681. In the case last named, which, so far as we are aware, is the last decision of our supreme court upon the subject, the court, speaking through Mr. Justice BRACE, used this language: "Conceding, however, that the deceased was perfectly familiar with this track and remained in defendant's employment, this of itself would not have been sufficient to defeat a recovery. The deceased's knowledge of the unsafe condition of the track, if it was unsafe, would not defeat a recovery, if 'it was not so dangerous as to threaten immediate injury, or if he might have reasonably supposed that he could safely work about it by the use of care and caution.' *Huhn v. Railroad*, 92 Mo. 440, and cases cited. The court committed no error in refusing to take the case from the jury."

The constitutional amendment, adopted in 1884, relating to the appellate courts of this state, contains, in section 6, this provision: "The last previous ruling of the supreme court on any question of law or equity shall, in all cases, be controlling authority in said courts of appeals." Whatever our individual views might be as to the proper rule upon this question, we are, therefore, constrained by the constitutional mandate to follow the last rulings of the supreme court. But, as this case has invoked a difference of opinion among the members of this court, I will take occasion to say for myself that, in my opinion, the recent rulings of our supreme court upon this question are more consonant with justice and humanity than were its previous rulings. They tacitly recognize, although they may not state it in express terms, the unequal situation of the

master and the servant. The former is generally a man of means; the latter a mere wage-worker. The former presumptively has the means of furnishing safe and suitable machinery and fellow-servants; the latter is obliged, in many cases, to accept unreasonable risks rather than throw up a job, and thereby subject his family to privation. In a moral sense the measure of their duty and obligation is, therefore, not the same, because they have not the same liberty of choice. In the present case, for instance, the plaintiff, a journeyman carpenter working by the hour, might have complained to the defendant's superintendent, who was the father of the elevator boy, of the unfitness of the boy, or he might have made such a complaint to the defendant himself, and in either case, as a consequence of his temerity, he might have lost his job, and thereby subjected his family to want. It seems to us that it is, under all the circumstances of such a case, ordinarily a fair question for a jury whether, in failing so to complain, he is to be deemed as accepting the risk of any injuries which might happen to him in consequence of the negligence or the incompetency of the fellow-servant; though, where the danger is so glaring that it would be rash and foolhardy for him to continue in the service, the court can so pronounce as matter of law.

A majority of the court have been constrained to proceed upon this view, in respect of a defective appliance furnished by the master to his servant, in the case of *Fugler v. Bothe*, 43 Mo. App. 44. The views upon which we proceeded in that case are strictly applicable in the decision of this case, the only difference being that there the negligence of the master, if any, consisted in subjecting the servant to the danger of a defective appliance, while here it consists in subjecting him to the danger of an unfit fellow-servant.

The judgment will accordingly be reversed, and the cause remanded. Judge BIGGS concurs; Judge ROMBAUER dissents.

ROMBAUER, P. J. ( *dissenting* ).—Assuming as the opinion concedes that the boy running the elevator was a fellow-servant of the plaintiff, I cannot construct any theory of the evidence, which would have justified a submission of the case to the jury. The plaintiff, according to his evidence, was an expert journeyman of eight years' experience in elevator work, thoroughly familiar with the method of running elevators, and the incident dangers of such work. It is not shown that the defendant had any knowledge or experience in the matter. The carelessness of the boy was well known to the plaintiff, as he worked on this elevator shaft while the boy ran the elevator for a period of at least one week, and probably much longer. While there is some evidence that the defendant at times saw how the elevator was run, it is always coupled with the additional statement that, whenever the defendant was present, the boy was more careful. The observation made in the opinion that an employe is under no obligation to call the negligence of his fellow-servants to the attention of his employer, because he might thereby incur the danger of being discharged, strikes me as not resting on a sound moral basis. It seems to me that such an act of an employe, being the discharge of a simple duty on his part, which he owes alike to his employer, to his fellow-servants and to himself, would meet with the commendation of every humane man, and I see no reason for assuming that employers are as a class inhumane. Certainly, there is no evidence in the record that this defendant was so, because it stands conceded that he was constantly on the alert to watch over the safety of his employes.

On the question of the plaintiff's contributory negligence, as a matter of law, the case is probably not quite so strong. But even on that question the following uncontroverted facts are entitled to weight. The plaintiff was working in the sixth story, and the elevator before it began to descend was in the eighth, which

was the topmost story of the building. The plaintiff knew that the elevator could ascend no further, and that its next movement would necessarily be downward. With full knowledge of that fact, without any warning to the elevator boy, who was less than twenty feet above him and within convenient calling distance, the plaintiff without any apparent necessity placed his arm in a position, where he knew it was bound to be hurt if the elevator descended. The cables moving the counter weights were in plaintiff's full view, and he could, by paying the slightest attention to them, at any time see that the elevator was descending, and yet failed to do it. The question of contributory negligence, as a matter of law, is one, as Judge BLACK aptly says in the recent case of . *Weber v. Railroad*, 100 Mo. 194, which has to be determined not from an isolated fact, but from all facts and circumstances surrounding the case. In view of all the facts and circumstances in this case, I am not prepared to say that the court erred in nonsuiting the plaintiff even on the ground of contributory negligence. "One cannot thus voluntarily place life and limb in peril, and claim to be free from fault. But for the plaintiff's negligence he would not have been injured." These remarks made by the learned judge in the case above cited seem to me to be applicable to this.