.JOHN L. MEYER, Respondent, v. GUNDLACH–NELSON
MANUFACTURING COMPANY, Appellant.

St. Louis Court of Appeals, November 17, 1896.

1. **Jury**: EXAMINATION ON VOIR DIRE. On the examination of a jury on
*voir dire*, it is proper to fully ascertain the situation of any juror to
the parties interested in the suit; and, when it is admitted that a
stranger to the record is thus interested, it is accordingly proper to
inquire concerning the relations of any juror to such person.

2. **Master and Servant**: USE OF DEFECTIVE APPLIANCE IN RELIANCE
ON MASTER'S PROMISE FOR ITS REPAIR. A servant, who in the course
of his employment continues to use a defective appliance with knowl-
edge of its character, will not be debarred from recovering from his
master for injuries caused by it, if he has acted in reliance upon
express promises made to him by his master for its repair, and the
injury occurs within such time as could reasonably be allowed for the
fulfillment of these promises.

*Appeal from the St. Louis City Circuit Court.*—HON.
THOMAS A. RUSSELL, Judge.

AFFIRMED.

*John F. Shepley* for appellant.

(1) It is error for a court to make remarks calcu-
lated to influence the verdict of the jury. *State v.
Hill*, 91 Mo. 423. And it is error for counsel of the
successful party in his argument, or otherwise, to state
evidential facts prejudicial to the unsuccessful party.
*Holliday v. Jackson*, 21 Mo. App. 660, 670; *Fathman v.
Tumilty*, 34 Mo. App. 236, 241; *Gibson v. Zeibig*, 24
Mo. App. 65; *McDonald v. Cash*, 45 Mo. App. 66, 79;

*Hall v. Wolf*, 61 Iowa, 561; *Berning v. Medart*, 56 Mo. App. 443, 449; *Wheeler v. Sterrett*, 62 N. W. Rep. 675. (2) The court erred in refusing to give a peremptory instruction that upon the pleadings and evidence the plaintiff could not recover, for the following reasons: When a servant has full knowledge of the defect in an appliance furnished him and of the dangers arising therefrom, he assumes the additional risk arising therefrom unless he notifies his master thereof, receives the latter's assurance that the defect will be remedied and continues his employment, relying upon said assurance. And if he does continue, relying upon such assurance, he can not recover for injuries thereafter resulting from said defect, unless they were caused within such a period of time after said assurance as was reasonable to allow for its performance. *Conroy v. Vulcan Iron Works*, 62 Mo. 35, 39; *Hough v. Railroad*, 100 U. S. 213; *Rothenberger v. Milling Co.*, 59 N. W. Rep. 531; *Counsell v. Hall*, 145 Mass. 468; *O'Rorke v. Railroad*, 22 Fed. Rep. 189, 191; *Missouri Furnace Co. v. Abend*, 107 Ill. 44, 51.

*Geo. Bullock* and *A. R. Taylor* for respondent.

BOND, J.—Plaintiff was employed by defendant to work on a certain wood-working machine called a shaper, which is described in the petition as defective and dangerous, of which it is alleged plaintiff gave notice to defendant, who promised to repair it. The petition concludes, to wit: "Upon which assurance he relied, and continued to operate said machine; and when, within a reasonable time, the same was not fixed, he again called said superintendent's attention thereto, and received new assurance that the same would be promptly attended to; until finally, some two or three weeks before the accident hereinafter complained of,

he told said superintendent that he would, the following Sunday, himself, repair said defect, when he was told by said superintendent that he (said superintendent) would see that it was done, which said assurance the plaintiff relied upon and continued said work; but plaintiff avers that, notwithstanding said repeated assurances and promises, defendant neglected and failed to repair said shaper, but allowed it to remain in the condition above described, and, by said promises and assurances, persuaded him to continue to work thereon, until the first day of June, 1895, when, in the regular course of employment on said shaper, and in attempting to press a piece of wood against said knives, and in so doing relaxing his hold thereof, as was necessary, that the same might pass over and upon said ring and against said revolving knives, said piece of wood came suddenly in contact with said knives before he could resume a firm grasp thereupon, when his left hand was jerked in contact with said knives and a part of the first finger thereof was severed from the hand and a part of the bone of the second finger thereof was cut away, and in consequence thereof he has suffered great pain of mind and body.'' For the damages thus alleged judgment was asked. The answer was a general denial, and a plea of contributory negligence. Issue was taken by reply. There was evidence tending to prove the allegations of the petition. The case was submitted to a jury and resulted in a verdict and judgment for plaintiff for $550, from which defendant appeals.

The first error assigned is that counsel for plaintiff was permitted to interrogate one of the jurors on the *voir dire* as to his relation to the Union Casualty & Surety Company. It was clearly proper for plaintiff's counsel to ascertain fully the situation of the juror as to parties interested in the suit, to enable him to exer-

cise his statutory right of peremptory challenge, as well as to lay ground for challenges for cause. At the time the question was put, counsel gave as his reason that he was informed that the party named was the real defendant in this action, and appealed to defendant's counsel for the correctness of this assumption. The court then called attention to this appeal and stated to defendant's counsel if the interest of said third party was not denied, the proposed question was proper. The counsel for defendant by his reply virtually admitted the interest of said third party in the litigation. Under this state of facts it can not be held that defendant was prejudiced by the remarks of the court or plaintiff's counsel, and the first assignment of error is, therefore, overruled.

The next point made by defendant is that, although the evidence shows the machine was defective and that plaintiff informed defendant of its condition and received assurances and promises for its repair, it also shows that plaintiff waited an unreasonable time for the performance of defendant's promises, and was, therefore, guilty of contributory negligence precluding a recovery. On this point the record shows that plaintiff testified as follows: "I discovered this defect at the time they got the machine. John R. Schelosky was superintendent. I immediately called his attention to this, as the machine was being set up; he said he would have it fixed, but he did not do so. I called his attention to it a second time, and he gave me the same answer. The third and last time I called his attention to it was about the middle of May, 1895. I told him then that, if he could not fix it, I would come around on Sunday and fix it myself. He said, if he didn't get time to fix it himself, he would get one of the boys upstairs to do it. I kept on working then, and supposed he would; but he didn't, and on June 1, I was

shaping with that collar.   I was starting in one side, and had got along to the ring and loosened my hold to get on the knives, and it came in very suddenly, jerked it out of my hand and my hand got caught. The knives revolved about three quarters of an inch inside of the outside circumference of the ring.   The top joint of my first finger was taken off and part of the flesh and bone of the second finger, so as to make the latter weak.   I was disabled for nine weeks, after which I was again employed by the defendant at twenty-five cents a day less than my former wages. The injury prevents me from being an all-around worker again."

It can not be said as a matter of law from this evidence that plaintiff, after receiving defendant's promise to remedy the defects in the machine, remained in his employ an unreasonable time for the fulfillment of such assurances.   The last promise made by defendant was only about two weeks before the accident.   Plaintiff had continued in his employ some months prior to this promise upon the faith of repeated assurances by defendant that he would have the machine fixed.   When the last promise was made, plaintiff became very urgent on the subject and proffered to do the work himself on some Sunday.   Defendant's superintendent again assured him that he would attend to it, or have it attended to.   It would be a harsh rule to say that plaintiff could not reasonably wait two weeks for the fulfillment of this promise. "Where a master has expressly promised to repair a defect, the servant can recover for an injury caused thereby, within such a period of time after the promise as it would be reasonable to allow for its performance, and for an injury suffered in any period which would not preclude all reasonable expectations that the promise might be kept." *Conroy v. Vulcan Iron Works,*

62 Mo. 39. The trial court, in accordance with this announcement of the rule governing such cases, submitted to the jury by apt instruction the question as to the reasonableness of the time during which plaintiff continued in defendant's employ after knowledge of the defect and after the promises of repair made to him. Their verdict determined the issue in favor of plaintiff. The judgment will, therefore, be affirmed. All concur.