ARÉ ET AL. *v.* BORINQUEN SUGAR COMPANY.

APPEAL from the District Court of Humacao.

No. 633.—Decided June 24, 1911.

DAMAGES—EMPLOYER'S LIABILITY—PROMISE TO REPAIR DEFECT.—When an employer has expressly promised to repair a defect, the employe can recover for an injury caused thereby within such a period of time after the promise as it would be reasonable to allow for its performance, and for an injury suffered within any period which would not preclude all reasonable expectation that the promise might be kept.

The facts are stated in the opinion.

*Messrs. Hartzell* and *Rodríguez Serra* for appellant.

*Messrs. José de Guzmán Benítez* and *José Martínez Dávila* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Micaela Aré and Francisco, Gracia, Justa, and Alfonsa Berberena y Aré filed a complaint in the District Court of Humacao against the Borinquen Sugar Company claiming $3,000 damages for the death of Miguel Berberena, who was

the husband of Micaela .Aré and the father of the other plaintiffs.

It is alleged in the complaint that in April, 1910, Miguel Berberena was employed by the defendant, a corporation engaged in the growing of sugar-cane, and that he rendered services in the loading and transportation of cane on cars belonging to the said corporation, which cars were drawn by oxen furnished by the same upon portable tracks laid by the defendant corporation for the purpose of conveying cane to the central factory of the corporation. That on April 20, 1910, while Miguel Berberena and others were thus employed at the place called "las quince cuerdas" three loaded cars drawn upon the portable track by one yoke of oxen approached, and that on descending a declivity, which occurs at that place, the said three cars, having no brakes or means of retention, ran at a rapid rate of speed; that the precise moment for unhooking and leading the yoke of oxen away having arrived, Miguel Berberena proceeded to do so, exercising due care and diligence; that the end of one of the rails having yielded to the weight of the cars and having suddenly fallen upon the incline of a small ditch, the other end was unexpectedly raised in such a manner and so violently that it fractured one of Miguel Berberena's legs, causing him to fall to the ground and to be run over by the cars, which caused his death.

The complaint gives a detailed account of the facts and sets forth that the immediate cause of the accident was the negligence of the defendant corporation .in not supplying Berberena with blocks with which to support the rails at the ditches, with a yoke of oxen to check from the rear the speed of cars coming down the grades, and with a pole.

The defendant corporation denied the essential allegations of the complaint, and alleged that Berberena's death was due to his own fault, and, moreover, that Berberena was not working for the defendant, but for his son Gracia, who had agreed to take charge of the transportation of the cane for

a lump sum. The defendant further alleged that it had furnished everything necessary to do the work in a convenient manner and without risk to the workmen.

The trial of the case having been held, judgment was rendered by the court adjudging the defendant to pay to the plaintiff, Micaela Aré, widow of Miguel Berberena, the sum of $500 only. From this judgment the defendant has taken the present appeal.

Upon a review of the entire evidence the conclusion is reached that the judgment is supported thereby. The evidence shows that, taking into consideration the precedents existing and the manner in which the contract for transporting the cane was carried out, it was the defendant's duty to furnish everything necessary for its accomplishment; that the rails were laid upon lands where there were a great many ditches, and that the manner in which it was customary to lay said rails across the ditches was by placing under them blocks strong enough to support them; that Berberena asked for those blocks and that they were promised to him; that one of the defendant's employes, an overseer, told Berberena that by filling the ditches with earth and straw the rails would be perfectly secured, and that the overseer himself explained to Berberena the manner of filling them; that owing to the urgency of the work, and relying on the promise of the defendant company to furnish them at the earliest opportunity, Berberena started to do it, although he insisted on the necessity of the blocks; that the defendant did in fact send the blocks, but that they were of old and rotten lumber and did not offer sufficient resistence; that if the rail yielded at the ditch it was due to the lack of proper support, and that therefore Berberena's death may be attributed to the lack of such support and, consequently, to the negligence of the defendant in failing to furnish the proper kind of blocks, notwithstanding the promises made to Berberena when he asked for them.

In the case of *Hough* v. *Railway Co.,* 100 U. S., 225, it

is said: "But 'there can be no doubt that, where a master has expressly promised to repair a defect, the servant can recover for an injury caused thereby, within such a period of time after the promise as it would be reasonable to allow for its performance, and, as we think, for an injury suffered within any period which would not preclude all reasonable expectation that the promise might be kept.' (Shearman & Redf. Negligence, sec. 96; *Conroy* v. *Vulcan Iron Works,* 62 Mo., 35; *Patterson* v. *P. & C. R. W. Co.,* 76 Pa. St., 389; *Le₁ Clair* v. *The First Division of the St. Paul & Pacific Railroad Co.,* 20 Minn., 9; *Brabbits* v. *R. W. Co.,* 38 Mo., 289.)"

As to the contention that Berberena was not an employe of the defendant, considering the circumstances of this case and notwithstanding that it has been shown that he was employed on job work, we cannot deny him such character.

The appeal cannot be sustained and the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.