ARÉ ET AL. *v.* BORINQUEN SUGAR CO.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 633.—Resuelto en junio 24, 1911.

DAÑOS Y PERJUICIOS—RESPONSABILIDAD DEL PATRONO—PROMESA DE REPARAR EL DEFECTO.—Cuando el patrono ha prometido expresamente reparar el defecto, el empleado puede ser indemnizado por un perjuicio que sufra dentro de un período de tiempo después de las promesas, tan largo como pudiera razonablemente concedérsele para cumplirlas, y por un perjuicio sufrido dentro de un período que no excluya la idea razonable de que la promesa pudiera cumplirse.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Hartzell y Rodríguez Serra.*

Abogados de los apelados: *Sres. José de Guzmán Benítez y José Martínez Dávila.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Micaela Aré, y Francisco, Gracia, Justa y Alfonsa Berberena y Aré entablaron demanda ante la Corte de Distrito de Humacao contra The Borinquen Sugar Company, en reclamación de tres mil dollars por daños y perjuicios sufridos con motivo de la muerte de Miguel Berberena, esposo de Micaela Aré y padre de los otros demandantes.

En la demanda se alega que Miguel Berberena, en el mes de abril de 1910 estaba ocupado como empleado de la demandada, una corporación dedicada a la explotación de la caña de azúcar, prestándole sus servicios en la carga y conducción de cañas en las wagonetas de la propia corporación, arrastradas por bueyes suplidos por ésta, sobre vías portátiles instaladas también por la corporación demandada, para llevar las cañas a la factoría central de la misma, y que hallándose en tal ocupación el dicho Miguel Berberena el 20 de abril de 1910, en unión de otros, en el lugar conocido por "las quince cuerdas," venían tres wagonetas ya cargadas y arrastradas sobre la vía portátil por una yunta de bueyes y al bajar una ondonada que allí existe, dichas tres wagonetas faltas de retranca o retenida, corrieron rápidamente y llegado el instante preciso de desenganchar y separar la yunta de bueyes, acudió Miguel Berberena a hacerlo, con el debido celo y diligencia, cediendo la punta de uno de los railes al peso de las wagonetas e inclinándose de súbito en una zanjilla, levantó inesperadamente el otro extremo, de tal modo y con tal violencia que rompió una pierna a Miguel Berberena, quien cayó al suelo y fué arrollado por las wagonetas que le pasaron por encima y le ocasionaron la muerte.

En la demanda se narran detalladamente los hechos y se alega que la causa determinante del accidente se debió a la negligencia de la demandada al no proporcionar a Berberena ciertos trozos de madera para calzar la vía en las

zanjas; una retenida, consistente en una yunta de bueyes que se empleaba para aguantar las wagonetas en las bajadas, y una lanza.

La demandada negó los hechos esenciales de la demanda y alegó que la muerte de Berberena se debió a su propia culpa y además que Berberena no trabajaba por cuenta de la demandada, sino por cuenta de su hijo Gracia, que había sido encargado mediante ajuste de efectuar la labor de conducción de cañas, y alegó además la demandada que ella proporcionó todos los medios necesarios para que el dicho trabajo se efectuara en una forma conveniente y sin riesgo para los trabajadores.

Celebrada la vista, la corte dictó sentencia condenando a la demandada a pagar únicamente a la demandante Micaela Aré, viuda de Miguel Berberena, la suma de quinientos dollars, y contra esa sentencia la demandada interpuso el presente recurso de apelación.

Analizando la prueba en su totalidad, se llega a la conclusión de que sostiene la sentencia dictada. Ella demuestra que dados los precedentes que existían y la forma en que se realizó el contrato de conducción de cañas, era el deber de la demandada proporcionar todos los medios necesarios para verificarlo. Que la vía atravesaba por terrenos en los cuales existían muchas zanjas y que el modo como se había venido colocándola sobre esas zanjas, era asegurándola por medio de calzos de madera de suficiente resistencia. Que Berberena pidió esos calzos y le fueron prometidos. Que uno de los empleados de la demandada, un mayordomo, le manifestó que rellenando las zanjas con tierra y paja la vía quedaba perfectamente asegurada y el mismo mayordomo le explicó cómo se hacía el relleno. Que dada la urgencia del trabajo, Berberena lo comenzó pero insistiendo en la necesidad de los calzos y bajo la promesa de la demandada de proporcionarlos a la mayor brevedad. Que la demandada en efecto envió los calzos resultando que eran de madera vieja o podrida, que no ofrecía la suficiente resistencia. Que si el rail cedió en

la zanja, se debió a no haber sido convenientemente calzado y que por tanto la muerte de Berberena puede imputarse a la falta de tal calzo y en su consecuencia a la negligencia de la demandada al dejar de proporcionarlo en debida forma, no obstante sus promesas a las súplicas de Berberena.

En el caso de *Hough* v. *Railway Co.,* 100 U. S., 225, se dice: ''Pero no puede haber duda de 'que cuando el patrono ha prometido expresamente reparar el defecto, el empleado puede ser indemnizado por un perjuicio que con tal motivo sufra dentro de un período de tiempo después de la promesa como pudiera razonablemente concedérsele para cumplirla, y, según creemos, por un perjuicio sufrido dentro de un período que no excluya la idea razonable de que la promesa pudiera cumplirse.'' (Shearman & Redf. Negligence, sec. 96; *Conroy* v. *Vulcan Iron Works,* 62 Mo., 35; *Patterson* v. *P. & C. R. W. Co.,* 76 Pa. St., 389; *Le Clair* v. *The First Division of the St. Paul & Pacific Railroad Co.,* 20 Minn., 9; *Brabbits* v. *R. W. Co.,* 38 Mo., 289.)

En cuanto a que Berberena no era un empleado de la demandada, dadas las circunstancias de este caso y no obstante haberse demostrado que trabajaba por ajuste, no puede negársele tal carácter.

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary, no tomó parte en la resolución de este caso.