G. W. Lincoln, Respondent, v. St. Louis-San Francisco Railway Company, Appellant.*

Springfield Court of Appeals.   May 24, 1928.

*Corpus Juris-Cyc References: Carriers, 10CJ, section 1311, p. 876, n. 2; section 1392, p. 979, n. 4; section 1465, p. 1076, n. 36; section 1507, p. 1135, n. 25; section 1522, p. 1159, n. 84; Negligence, 45CJ, section 485, p. 920, n. 98; section 858, p. 1299, n. 4; section 859, p. 1302, n. 24; Trial, 38 Cyc, p. 1543, n. 68.

*E. T. Miller* and. *Ward & Reeves* for appellant.

*Smith & Zimmerman* for respondent.

BRADLEY, J.—This cause for personal injury was filed in Dunklin county. The venue was changed to Butler county where a jury trial resulted in a verdict and judgment for plaintiff and defendant appealed.

The negligence alleged is that defendant in violation of an alleged assurance that its freight train would remain at the station of Lilbourn fifteen or twenty minutes or long enough for plaintiff to water his stock in an emigrant car, negligently backed the train violently against plaintiff's car and caused him to fall, resulting in the injury complained of. The answer is a general denial, contributory negligence and a plea that plaintiff was a trespasser. The reply was a general denial.

Error is assigned on the refusal, at the close of the case, of an instruction in the nature of a demurrer to the evidence, on the instructions and the rejection of evidence.

Five questions are presented on what we may term the demurrer: (1) Could plaintiff rely on the brakeman's advice that the train would not be moved for fifteen or twenty minutes? (2) Should defendant have contemplated injury to plaintiff? (3) Was plaintiff guilty of contributory negligence as a matter of law? (4) What was the proximate cause of plaintiff's injury? and (5) Was plaintiff a trespasser?

Plaintiff shipped his stock and other property from Lutesville, Missouri, on the Missouri Pacific to Senath, Missouri, on defendant's road. The car arrived at Lilbourn on defendant's road about dark on February 19, 1925. After the train stopped at Lilbourn plaintiff asked defendant's brakeman if he, plaintiff, would have time to water his stock and, according to plaintiff, the brakeman replied, ''Yes, we will not move for fifteen or twenty minutes.'' Plaintiff testified that after being so told or advised he got his bucket from the car and went about fifty feet to a pump, got a bucket of water and returned to the car and handed the bucket of water to his son who was accompanying him in the car, and that then he started to light his lantern. The lantern was fastened to an iron beam near the top of the car. Some baled hay, a chicken coop and other things were stacked in the car under the lantern. Plaintiff climbed up on the coop, hay, etc.,

and with one knee on a bale of hay and the other, somewhat lower, on a chicken coop, he was attempting to light the lantern, using both hands in the effort, so that he could better see about watering his stock. While in this position a portion of the train backed against plaintiff's car and he was thrown to the floor and injured.

Plaintiff testified that the brakeman told him that the train would not be moved for fifteen or twenty minutes, and that in about three minutes thereafter the crash came resulting in his injury. Defendant is not liable for an act of its agent acting beyond the scope of the agent's authority. [Sherman v. Railroad, 72 Mo. 62; Hall v. Railroad, 219 Mo. 553, 118 S. W. 56; Shaffer v. Railroad, 201 Mo. App. 107, 208 S. W. 145.] But we do not think that the question of the scope of the brakeman's authority is involved. We think that the question is whether or not plaintiff, acting as a reasonably prudent person, should have relied upon the advice of the brakeman. Surely a brakeman engaged in carrying out the orders of the conductor in the movement of a freight train knows when it will be moved and when not. We do not think there is any substance to the contention that the brakeman acted beyond his authority, because as stated no question of authority is or can be involved.

There is a wide margin between the evidence of plaintiff and defendant as to the time elapsing after plaintiff's conversation with the brakeman and the first movement thereafter of plaintiff's car. But the jury settled that question so far as concerns this appeal. Plaintiff, according to his evidence, was going about the watering of his stock on the assumption that his car would not be moved for fifteen or twenty minutes. If he was to be believed he had a right to proceed on that assumption. If the agents in charge of the train knew or should have known that plaintiff, at the time of his injury, was in the car and going about the watering of his stock under the assumption that the train would not be moved for several minutes thereafter, and with this knowledge the agents caused plaintiff's car to be suddenly and violently struck by another portion of the train, then it would be unreasonable to say that injury to plaintiff could not, with reasonable care, have been contemplated. It is true that the train crew could not have contemplated the manner in which injury might occur, but the manner of the injury is not always controlling.

Fred French was the brakeman from whom plaintiff claims to have received the information that the train would not be moved for fifteen or twenty minutes. French testified that when the train arrived at Lilbourn he passed by plaintiff's car and that plaintiff asked him if he, plaintiff, would have time to water his stock, and that he told plaintiff that he would, but that he did not tell plaintiff that the car would not move; that when he had the talk with plaintiff, he, witness was on his way south to cut the crossing; that after cutting the

crossing he went back to the station and unloaded merchandise and thereafter the crew went to the hotel and had supper; that after supper they did their switching, coupled up and left town. Witness French as to the movement of the train at Lilbourn was corroborated by the conductor and the other brakeman. According to their evidence plaintiff's car was not moved after arriving at Lilbourn until the train was ready to leave town. But assuming plaintiff's evidence to be true, which we must do for the purposes of the demurrer, plaintiff's car was violently struck or bumped in three minutes after the conversation between plaintiff and the brakeman. If the car was moved or struck when plaintiff says it was the brakeman knew or should have known that at that time plaintiff was likely in or about the car and engaged in watering his horses. Under the evidence we hold that the question as to whether or not defendant should have anticipated plaintiff's injury was a question for the jury. [Rueter v. Railroad, 261 S. W. (Mo. App.) 713.]

The question of plaintiff's alleged contributory negligence must be determined in the light of all the surrounding circumstances. We must approach this question assuming that plaintiff was going about the lighting of his lantern and the watering of his stock believing that the car would not be moved for fifteen or twenty minutes. The negligence of a plaintiff suing for personal injury is a question for the jury unless it can be said as a matter of law no reasonably prudent person would have acted as plaintiff did. [Oney v. Dierks Lumber & Coal Co., 296 S. W. (Mo. App.) 470.] We hold that plaintiff's negligence was for the jury.

It is contended that the impact of the forward or south portion of the train against the rear portion which included plaintiff's car, was the proximate cause of plaintiff's injury, and that the evidence is not sufficient to show that the impact or jolt was unusual for a freight train, and that, therefore, plaintiff cannot recover. As supporting this contention defendant relies upon Ray v. Railroad, 147 Mo. App. 322, 126 S. W. 543. The facts of the Ray case are entirely different from the facts here. In that case Ray, a shipper, and accompanying his shipment attempted to get on a moving train, and succeeded in getting both feet on the bottom step of the caboose with his hands holding the rods at the sides of the steps. And while in the act of putting one foot on the next step there was a sudden jerk of the train and he was thrown backward over the rear railing and injured. It was held that the proximate cause of the injury was the jerk and not the antecedent act of the brakeman in refusing on request to slow down the train or in telling Ray if he wanted on the train he would have to get on. But in the cause at bar plaintiff acted to his injury under the belief and on the assumption that his car would not be moved. There was no danger in climbing up as he did if the car was to remain stationary. To constitute a negligent act

as the proximate cause of injury it need not be the sole cause, but it is sufficient if it is a concurring cause from which such a result as occurred might reasonably have been contemplated. [Godfrey v. Payne, 251 S. W. (Mo. App.) 133.] We hold that the act of the brakeman in telling plaintiff that the train would not be moved for fifteen or twenty minutes was the proximate cause of the injury. We think such conclusion is sound and comports with good reason.

It is contended that plaintiff was a trespasser and that defendant owed him no duty—other than not to wantonly injure him. This contention is based on the following facts. Plaintiff's shipping contract permitted him to accompany his car, but contemplated that he would ride in the caboose. And the contract did not authorize more than one person to accompany the car without paying for transportation. Plaintiff permitted his three sons who, with himself, rode in the emigrant car. Defendant had no knowledge, so far as appears, that plaintiff was riding in the car with his stock and other property or that his sons were. Defendant relies upon sections 9927 and 10444, Revised Statutes 1919, to support the assignment now in hand. Defendant had authority under section 9927 to give plaintiff free transportation, but this section does not authorize the free transportation of plaintiff's sons. Section 9927, among other things, provides that any person who shall falsely represent himself or another as the owner or shipper of freight for the purpose of procuring more free transportation than is allowed by the section shall be guilty of a misdemeanor. Plaintiff made no false representation of his shipment or as to its ownership and there is no contention that he did. It is conceded that plaintiff under his contract had the right and that it was his duty to look after his stock. While he and his sons, and especially his sons, had no right to travel in the emigrant car, yet he did have the right to be in the car at the time he was injured. The sons evidently were trespassers, but we cannot appreciate just how plaintiff was a trespasser. Defendant cites no authority supporting the theory that plaintiff was a trespasser and we do not think there is such an authority. We rule this assignment against defendant.

It is our conclusion that plaintiff's case was one for the jury and that the court committed no error in refusing the demurrer.

Complaint is made of plaintiff's instruction No. 1 and of the refusal of seven instructions asked by defendant. In view of our ruling on the demurrer it is not necessary to consider the refused instructions. Plaintiff's instruction authorized recovery if it was found that the agents and servants of defendant in charge of the train advised plaintiff ''that said train would be there (at Lilbourn) fifteen or twenty minutes and that he would have time in which to water his stock,'' etc. Plaintiff testified that the brakeman told him

that the train would not "move for fifteen or twenty minutes." The brakeman testified that he told plaintiff that "he would have time to water his stock," but denied that he told plaintiff that "the car would not move." Under plaintiff's instruction he could recover, other things in the instruction being found, if it was found that the brakeman told him that the train would be at Lilbourn for fifteen or twenty minutes. There is a great difference between the expressions that the train would not·be moved for fifteen or twenty minutes and that the train would be at Lilbourn for fifteen or twenty minutes. If plaintiff had the assurance ·that the train would not be moved for fifteen or twenty minutes then his conduct in climbing upon the hay and the chicken coop and attempting to light his lantern in the manner plaintiff described, would have a different effect on the question of· his own negligence than if he only had the assurance that the train would be at Lilbourn for fifteen or twenty minutes. If the facts were as predicated in the instruction plaintiff had no assurance that the train would not be moved while he was watering his stock. And if without this assurance he proceeded to light his lantern in the manner described and did so without looking to ascertain or making some effort to ascertain if his car was likely to be struck by some other car or portion of the train while he would be engaged in lighting the lantern, then plaintiff's negligence would, we think, bar his recovery.

Plaintiff's case, if one he has, must be bottomed upon the theory that he went about the watering of his stock and lighting the lantern under the belief that his car would not be moved until he had had a reasonable time in which to water his stock.

Plaintiff's petition is based on the theory that he could recover if he was told that the train would remain at Lilbourn for fifteen or twenty minutes. We are not holding that the petition states no cause of action. There might be circumstances where it would, but it is not ·necessary to speculate. Plaintiff may amend his petition if he desires.

Error is assigned because the court would not permit counsel for defendant to interrogate, in the manner sought, plaintiff and his witnesses regarding their evidence at a former trial of this cause. Since this cause was tried Peppers v. Railroad, 295 S. W. (Mo. Sup.) 757, has been reported. There will not likely be any complaint on this ground at another trial, hence it is not necessary to rule this assignment.

The judgment should be reversed and the cause remanded and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.